Aaron R. Cahn
Leonardo Trivigno
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, New York 10005
Telephone:    (212) 732-3200
Facsimile:    (212) 732-3232

Proposed Counsel to the Debtor
and Debtor in Possession

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- X
                                                                 :
**In re**                                                        :    **Chapter 11**
                                                                 :
**WONDERWORK, INC.,**                                            :    **Case No. 16- 13607**
                                                                 :
         **Debtor.**                                             :
---------------------------------------------------------------- X

## APPLICATION FOR APPROVAL OF EMPLOYMENT OF ATTORNEY

WonderWork, Inc. as Debtor-In-Possession respectfully represents:

The above-captioned debtor and debtor in possession, WonderWork, Inc. (the "***Debtor***"),

submits this motion, pursuant to sections 327(a) and 330 of title 11 of the United States Code, 11

U.S.C. §§ 101-1532 (the "***Bankruptcy Code***"), rules 2014(a) and 2016 of the Federal Rules of

Bankruptcy Procedure (the "***Bankruptcy Rules***"), and rules 2014-1 and 2016-1 of the Local

Bankruptcy Rules for the Southern District of New York (the "***Local Bankruptcy Rules***"), for entry

of an order, substantially in the form attached hereto as **Exhibit A** (the "***Proposed Order***"),

authorizing the Debtor to employ and retain Carter Ledyard & Milburn LLP ("***CLM***") as its

attorneys, effective *nunc pro tunc* to the Petition Date (as defined below). In support of this

application, the Debtor submits the declaration of Aaron R. Cahn, counsel at CLM, attached hereto

as **Exhibit B** (the "***Cahn Declaration***") and the Declaration of Brian Mullaney, Co-Founder and

CEO of the Debtor, in Support of Chapter 11 Petition and First Day Pleadings (the "*First Day Declaration*"), and respectfully states as follows:

## Jurisdiction and Venue

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## Background

2.     As of the date hereof (the "*Petition Date*"), the Debtor commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court. The Debtor is authorized to continue to operate its business and manage its property as a debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made, and no statutory committee has been appointed or designated, in this chapter 11 case.

3.     Information regarding the Debtor's business, its capital structure, the events leading to the filing of its chapter 11 case, and the facts and circumstances supporting the relief requested herein are set forth in the in the First Day Declaration, filed contemporaneously  herewith and incorporated herein by reference.

2

## Retention of CLM

### A.    CLM's Qualifications

4.      The Debtor has selected CLM as its attorneys due to the firm's extensive experience and knowledge both in corporate transactional and litigation work and, in particular, due to CLM's expertise in bankruptcy and restructuring and in the law governing tax exempt organizations. The Chair of the Tax Exempt Organizations Group, Pamela A. Mann, was the Chief of the Charities Bureau in the New York State Attorney General's Office for eleven years.

5.      CLM and the attorneys engaged in this representation have been actively involved in many large and complex chapter 11 cases representing significant parties in interest, including, among others, In re Residential Capital Corp., No. 12-12020 (MG) (Bankr. S.D.N.Y.), In re Lehman Brothers Holdings, Inc., No. 08-13555 (SCC) (Bankr. S.D.N.Y.), In re Actronix Corp., No. 15-72593 (Bankr. W.D. Ar.); In re Golfsmith International Holdings Inc., Case No. 16-12033 (Bankr. D. Del.); In re DirectBuy Holdings, Inc., et al., Case No. 16-12435 (Bankr. D. Del.); and In re Point Blank Solutions, No. 10-11255 (CSS) (Bankr. D. Del.). In addition, CLM and the attorneys engaged in this representation have represented tax exempt organizations in a wide variety of complex litigated matters, as well as acting as counsel to tax exempt organizations with respect to their charitable solicitation practices, restricted fund issues, corporate governance, and federal and state tax compliance issues.

6.      CLM was first engaged by the Debtor in October, 2016, following the rendering of an arbitration award in favor of Help Me See, Inc., which resulted in a judgment of more than $11 million, plus attorneys' fees. Since being retained, CLM has represented the Debtor in a fast-tracked proceeding to vacate the arbitration award in Supreme Court, New York County, and, following confirmation of the award and denial of the Debtor's cross-petition, the filing of an appeal to the

3

Appellate Division, First Department, including seeking a stay of enforcement of the judgment

pending determination of the appeal. The motion to stay remains pending. In the course of this short

but intense representation and the subsequent preparation for the representation of the Debtor in this

chapter 11 case, CLM has become familiar with the Debtor's mission and operations, as well as

many of the potential legal issues that are likely to arise in the context of this chapter 11 case.

Accordingly, CLM has significant relevant experience with the Debtor that will enable the firm to

deal effectively and efficiently with many of the legal issues that may arise in this chapter 11 case.

7.       The Debtor believes that CLM is both well-qualified and uniquely able to represent it

in this chapter 11 case. Should the Debtor be required to retain alternative lead counsel in connection

with the prosecution of this chapter 11 case, the Debtor, its estate and all parties in interest will be

unduly prejudiced by the time and expense necessary to enable other counsel to become familiar with

the intricacies of the Debtor's mission, operations and capital structure.

**B.       Services to Be Provided**

8.       Subject to further order of the Court, and consistent with the "Guidelines for

Reviewing Applications and for Compensation and Reimbursement of Expenses Filed Under 11

U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases," effective as of November 1, 2013 (the "***U.S.***

***Trustee Guidelines***"), and with that certain engagement letter dated December 20, 2016, by and

among the Debtor and CLM (the "***Engagement Letter***"), a copy of which is attached as Exhibit 1 to

the Proposed Order, the Debtor requests the employment and retention of CLM to render the

following legal services:

    i.    advising the Debtor with respect to its powers and duties as debtor in possession in
the continued management and operation of its business and properties;

    ii.    advising and consulting on the conduct of this chapter 11 case, including all of the
legal and administrative requirements of operating in chapter 11;

7892978.6

iii.  attending meetings and negotiating with representatives of the creditors and other parties in interest;

iv.  taking all necessary action to protect and preserve the Debtor's estate, including prosecuting actions on the Debtor's behalf, defending any action commenced against the Debtor and representing the Debtor's interests in negotiations concerning all litigation in which the Debtor is involved, including objections to claims filed against the Debtor's estate;

v.  preparing, filing, and serving all pleadings, including motions, applications, answers, orders, reports and papers necessary or otherwise beneficial to the administration of the Debtor's estate;

vi.  providing such other noticing services as may be required by the Court;

vii.  representing the Debtor in connection with obtaining postpetition financing, if necessary;

viii.  advising the Debtor in connection with any potential sale of assets;

ix.  appearing before the Court and any appellate courts to represent the interests of the Debtor's estate before those courts;

x.  consulting with the Debtor regarding tax matters;

xi.  representing the Debtor in the New York State Appellate Division, First Department in connection with the confirmation of an arbitration award;

xii.  taking any necessary action on behalf of the Debtor to negotiate, prepare on behalf of the Debtor and obtain approval of a chapter 11 plan and all documents related thereto; and

xiii.  performing all other necessary or otherwise beneficial legal services for the Debtor in connection with the prosecution of this chapter 11 case, including (i) analyzing the Debtor's leases and contracts and the assumptions, rejections or assignments thereof, (ii) analyzing the validity of liens against the Debtor and (iii) advising the Debtor on corporate and litigation matters.

9.    As set forth in the Engagement Letter, CLM is representing the Debtor and not any of

its current or former directors, officers, subsidiaries or other affiliates. Additionally, CLM has not

been asked to represent the Debtor, or any affiliated entity, in any other matter beyond the

5

7892978.6

representation of the Debtor in this chapter 11 case, other than the appeal from the confirmed arbitration award, as noted above. While CLM may agree to represent the Debtor in connection with other related matters that may develop in connection with this engagement, the scope of this engagement specifically excludes any such representation.

10.    Aaron R. Cahn and Leonardo Trivigno are presently expected to have primary responsibility for providing services to WonderWork in this bankruptcy case. Pamela Mann and Judith Wallace are expected to have primary responsibility for representing WonderWork in the New York State Appellate Division, First Department in appealing the New York Supreme Court's confirmation of an arbitration award against WonderWork. In addition, from time to time, other CLM professionals and paraprofessionals will provide services to the Debtor.

### C.    Professional Compensation

11.    Prior to the Petition Date, CLM received the sum of $254,454.36 in fees and expenses for its work regarding the confirmation of the arbitration award. Of this amount, $25,000.00 was paid as an initial retainer and the balance was paid at the conclusion of the proceeding confirming the arbitration award, upon submission of an invoice in the amount outstanding. CLM will waive any additional fees incurred prior to the Petition Date to the extent such fees were not directly related to the preparation of this bankruptcy filing.

### D.    CLM's Disinterestedness

12.    As previously noted, CLM has represented the Debtor in the litigation leading up to the current bankruptcy filing. CLM has billed and received payment for services rendered within the 90 days prior to the filing date hereof; however, the Debtor believes that based on the timing of the billings and payments, that such payments were received in the ordinary of the Debtor's business, and that accordingly there are no viable preference claims that can be asserted against CLM.

6

Furthermore, and to the best of Debtor's knowledge, CLM has no connection with the estate's creditors or any other party in interest, or their respective attorneys or accountants and represent no interest adverse to the estate in the matters upon which the firm is to be retained.

13.     CLM has informed the Debtor that CLM will periodically review its files during the pendency of this chapter 11 case to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, CLM will use reasonable efforts to identify such further developments and will file promptly file a supplemental declaration, as required by Bankruptcy Rule 2014(a).

## **Relief Requested**

14.     By this application, pursuant to sections 327(a) and 330 of the Bankruptcy Code, Bankruptcy Rules 2014(a) and 2016, and Local Bankruptcy Rules 2014-1 and 2016-1, the Debtor seeks entry of the Proposed Order, substantially in the form attached hereto as **Exhibit A**, authorizing the Debtor to retain and employ CLM as its attorneys in accordance with the terms and conditions set forth in the Engagement Letter, effective *nunc pro tunc* to the Petition Date.

## **Basis for Relief Requested**

15.     The Debtor seeks to retain CLM as its attorneys pursuant to section 327(a) of the Bankruptcy Code, which provides that a debtor, subject to Court approval:

> [M]ay employ one or more attorneys, accountants, appraisers, auctioneers, or other professional persons, that do not hold or represent an interest adverse to the estate, and that are disinterested persons, to represent or assist the [debtor] in carrying out the [debtor]'s duties under this title.

11 U.S.C. § 327(a).

16.     Bankruptcy Rule 2014(a) requires that an application for retention include:

> [S]pecific facts showing the necessity for the employment, the

7

> name of the [firm] to be employed, the reasons for the selection, the professional services to be rendered, any proposed arrangement for compensation, and, to the best of the applicant's knowledge, all of the [firm's] connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants, the United States trustee, or any person employed in the office of the United States trustee.

Fed. R. Bankr. P. 2014.

17.    The Debtor submits that, for all the reasons stated above and in the Cahn Declaration, the retention of CLM as counsel to the Debtor is warranted. Further, as stated in the Cahn Declaration, CLM is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtor's estate and has no connection to the Debtor, its creditors or its related parties except as may be disclosed in the Cahn Declaration.

## Notice

19.    The Debtor is providing notice of this motion to: (a) the Office of the United States Trustee for the Southern District of New York, (b) the U.S. Attorney for the Southern District of New York, (c) the New York State Attorney General, (d) the entities listed on the List of Creditors Holding the 20 Largest Unsecured Claims, and (e) all those persons and entities that have formally requested notice by filing a written request for notice, pursuant to Bankruptcy Rule 2002 and the Local Bankruptcy Rules. In light of the nature of the relief requested, the Debtor respectfully submits that no further notice is necessary.

## No Prior Request

20.    No prior request for the relief sought herein has been made by the Debtor to this or any other court.

8

WHEREFORE, the Debtor respectfully requests that the Court (a) enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and (b) grant such other and further relief as is just and proper.

Dated: December 29, 2016
    New York, New York

CARTER LEDYARD & MILBURN LLP

*/s/ Aaron R. Cahn* _____
Aaron R. Cahn
Leonardo Trivigno
2 Wall Street
New York, New York 10005
Telephone: (212) 732-3200
Facsimile: (212) 732-3232
Email: cahn@clm.com
      trivigno@clm.com

*Proposed Counsel to the Debtor
and Debtor in Possession*

9

7892978.6

## EXHIBIT A

**Proposed Order**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------------------- X
                                   :

In re                               :        Chapter 11

                                     :

WONDERWORK, INC.,            :        Case No. ____

                                     :

        Debtor.                  :

----------------------------------------------------------------- X

## ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF CARTER LEDYARD & MILBURN LLP AS COUNSEL TO THE DEBTOR

Upon consideration of the Application (the "*Application*") of the Debtor for entry of an order authorizing the retention and employment of Carter Ledyard & Milburn LLP ("*CLM*") as bankruptcy counsel pursuant to section 1103(a) of title 11 of the United States Code (the "*Bankruptcy Code*"), Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Rule 2014-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York (the "*Local Rules*"); upon the Declaration of Aaron R. Cahn (the "*Cahn Declaration*") filed in support of the Application; and the Court being satisfied that (a) jurisdiction over the Application is proper; (b) CLM is a "disinterested person" as that term is defined under section 101(14) of the Bankruptcy Code and represents no interests adverse to the Debtor's estate with respect to the matters for which it will be engaged; (c) the retention of CLM is necessary and in the best interest of the Debtor, the Debtor's estate and creditors; and (d) notice of Application was adequate and sufficient under the circumstances;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1.       The Application is **GRANTED,** as set forth herein.

2.      Pursuant to sections 328 and 1103(a) of the Bankruptcy Code, the Debtor is authorized to employ and retain CLM, as its counsel to perform all of the services set forth in the Application and the Cahn Declaration.

3.      CLM shall apply for compensation for professional services rendered and reimbursement of expenses incurred in connection with the Debtor's chapter 11 case in compliance with sections 330 and 331 of the Bankruptcy Code, and applicable provisions of the Bankruptcy Rules, the Local Bankruptcy Rules, and such other procedures as may be fixed by order of this Court.

4.      The Debtor and CLM are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Application.

5.      To the extent the Application or the Cahn Declaration is inconsistent with this Order, the terms of this Order shall govern.

6.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7.      This Court shall retain jurisdiction to hear and determine all matters arising from the implementation and/or interpretation of this Order.

Dated: New York, New York
_____, 2016

_____
United States Bankruptcy Judge

**EXHIBIT 1**

# CARTER LEDYARD & MILBURN LLP
### Counselors at Law

**Pamela A. Mann**
Partner
•
*Direct Dial: 212-238-8758*
*E-mail: mann@clm.com*

*2 Wall Street*
*New York, NY 10005-2072*
•
*Tel (212) 732-3200*
*Fax (212) 732-3232*

*570 Lexington Avenue*
*New York, NY 10022-6856*
*(212) 371-2720*

December 20, 2016

Mr. Brian Mullaney
Co-Founder/CEO
WonderWork, Inc.
411 Fifth Avenue, Suite 702
New York, NY  10016

Re:    <u>CL&M Engagement Letter</u>

Dear Mr. Mullaney:

    We are pleased to have the opportunity to be of service to WonderWork, Inc.  We look forward to working with you and will do our best to provide the highest quality legal services in a responsive, efficient manner.  Fundamental to a sound relationship is a clear understanding of the terms and conditions upon which we will be providing legal services.  Accordingly, the purpose of this letter is to clarify and confirm these terms and conditions.

    Scope of Services.  We will represent WonderWork in its petition for bankruptcy and any related bankruptcy proceedings.

    I will be the attorney primarily responsible for the representation.  We intend to provide quality legal services in an efficient, economical manner.  This necessitates involving other firm attorneys with the requisite expertise, and support staff, including paralegals, who are not attorneys but are experienced in the preparation of documents and the completion of various tasks.  When questions or comments arise about our services, staffing, billings, or other aspects of our representation, please contact me.  My direct telephone number is (212) 238-8758.  It is important that you are satisfied with our services and responsiveness at all times.

    Our fees will be based on the amount of time spent by attorneys and professional support staff such as paralegals on your matter.  Each lawyer and professional support staff member has an hourly billing rate based generally on his or her experience and any special expertise.  The rate multiplied by the time spent on your behalf, measured in quarters of an hour, will be evaluated by the billing attorney as the basis for determining the fee.

    Our billing rates currently range from $285 an hour for new associates to $900 an hour for senior partners.  My billing rate on this matter is currently $700 an hour.  Time devoted by professional support staff such as paralegals is charged at billing rates currently ranging from $225 to $335 an hour.  These rates are adjusted from time to time generally to reflect increased

WonderWork, Inc.                                                                                          -2-

experience and special expertise of the attorneys and paralegals and inflationary cost increases affecting our practice, and the adjusted rates will apply to all services performed thereafter.

In addition to our fees, we will be entitled to payment or reimbursement for disbursements and other charges incurred in performing services. To the extent we directly provide any of these services, we reserve the right to adjust the amount we charge, at any time or from time to time, as we deem appropriate, in light of our direct costs, our estimated overhead allocable to the services, and outside competitive rates. Unless special arrangements are made, fees and expenses of others (such as experts, investigators, witnesses, consultants, and court reporters) and other large disbursements will not be paid by our firm and will be the responsibility of, and billed directly to, the client.

Fees, disbursements, and other charges will be billed monthly and are payable upon presentation. We expect prompt payment. There often is an unavoidable delay in reporting disbursements and other charges, and therefore not all disbursements and charges may be billed at the same time as the related legal services. You have the right to request arbitration of any dispute regarding fees between $1,000 and $50,000 pursuant to 22 NYCRR Part 137.

We are pleased to have this opportunity to be of service and to work with you.

Very sincerely,


Pamela A. Mann

PAM:ewl

## EXHIBIT B

**Declaration of Aaron R. Cahn**

7892978.6

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

```
-------------------------------------------------------- X
                                           :
In re                                      :            Chapter 11
                                           :
WONDERWORK, INC.,                          :            Case No. _____
                                           :
                 Debtor.                   :
-------------------------------------------------------- X
```

### DECLARATION OF AARON R. CAHN IN SUPPORT OF DEBTOR'S APPLICATION FOR ENTRY OF AN ORDER AUTHORIZING THE EMPLOYMENT AND RETENTION OF CARTER LEDYARD & MILBURN LLP AS ATTORNEYS FOR THE DEBTOR

I, Aaron R. Cahn, declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief.

1.        I am counsel to the law firm of Carter Ledyard & Milburn LLP ("*CLM*"), with an office at 2 Wall Street, New York, New York 10005. I am a member in good standing of the Bar of the State of New York, and I am admitted to practice before the United States District Court for the Southern District of New York. There are no disciplinary proceedings pending against me.

2.        I submit this Declaration in support of the application (the "*Application*")[1] of the above-captioned debtor (the "*Debtor*") for entry of an order, substantially in the form attached to the Application as **Exhibit A** (the "*Proposed Order*") pursuant to sections 327(a) and 330 of title 11 of the United States.Code, 11 U.S.C. §§ 101-1532 (the "*Bankruptcy Code*"), rules 2014(a) and 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and rules 2014-1 and 2016-1 of the Local Bankruptcy Rules for the Southern District of New York (the "*Local Bankruptcy Rules*"), authorizing the Debtor to employ and retain CLM as attorneys for the Debtor in connection

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

1

with its chapter 11 case. Except as otherwise noted, I have personal knowledge of the matters set forth herein.

## CLM's Qualifications

3.    CLM and the attorneys engaged in this representation have been actively involved in many large and complex chapter 11 cases representing debtors and other significant parties in interest, as well as various parties in smaller Chapter 11 cases. In addition, CLM and the attorneys engaged in this representation have represented tax exempt organizations in a wide variety of complex litigated matters, as well as acting as counsel to tax exempt organizations with respect to their charitable solicitation practices, restricted fund issues, corporate governance, and federal and state tax compliance issues.

4.    CLM was initially engaged to represent the Debtor in October, 2016, after the issuance of the arbitration award, the enforcement of which is the primary impetus for this fling. In the course of almost two months, CLM's litigators, corporate attorneys as well as its Tax Exempt Organizations Group, have undertaken what amounts to a crash course in the Debtor's history, operations, finances and disputes, and, accordingly, the firm has significant relevant experience with the Debtor that will enable it to deal effectively and efficiently with many of the legal issues that may arise in this chapter 11 case.

## Services to Be Provided

5.    Subject to further order of the Court, the Debtor requests the employment and retention of CLM to render the following legal services:

i.    advising the Debtor with respect to its powers and duties as debtor in possession in the continued management and operation of its business and properties;

ii.    advising and consulting on the conduct of this chapter 11 case, including all of the legal and administrative requirements of operating in chapter 11;

2

7892978.6

 iii. attending meetings and negotiating with representatives of the creditors and other parties in interest;

 iv. taking all necessary action to protect and preserve the Debtor's estate, including prosecuting actions on the Debtor's behalf, defending any action commenced against the Debtor and representing the Debtor's interests in negotiations concerning all litigation in which the Debtor is involved, including objections to claims filed against the Debtor's estate;

 v. preparing, filing, and serving all pleadings, including motions, applications, answers, orders, reports and papers necessary or otherwise beneficial to the administration of the Debtor's estate;

 vi. providing such other noticing services as may be required by the Court;

 vii. representing the Debtor in connection with obtaining postpetition financing, if necessary;

 viii. advising the Debtor in connection with any potential sale of assets;

 ix. appearing before the Court and any appellate courts to represent the interests of the Debtor's estate before those courts;

 x. consulting with the Debtor regarding tax matters;

 xi. representing the Debtor in the New York State Appellate Division, First Department in connection with the confirmation of an arbitration award;

 xii. taking any necessary action on behalf of the Debtor to negotiate, prepare on behalf of the Debtor and obtain approval of a chapter 11 plan and all documents related thereto; and

 xiii. performing all other necessary or otherwise beneficial legal services for the Debtor in connection with the prosecution of this chapter 11 case, including (i) analyzing the Debtor's leases and contracts and the assumptions, rejections or assignments thereof, (ii) analyzing the validity of liens against the Debtor and (iii) advising the Debtor on corporate and litigation matters.

 6. In this engagement, CLM is representing the Debtor and not any of its current or former directors, officers, subsidiaries or other affiliates. Additionally, CLM has not been asked to represent the Debtor, or any affiliated entity, in any other matter beyond the representation of the Debtor in this chapter 11 case, other than the appeal from the confirmed arbitration award as noted in

3

the Application. While CLM may agree to represent the Debtor in connection with related matters that may develop in connection with this engagement, the scope of this engagement specifically excludes any such representation.

      7.     I and my colleague Leonardo Trivigno are presently expected to have primary responsibility for providing services to WonderWork in this bankruptcy case. Pamela A. Mann and Judith Wallace are expected to have primary responsibility for representing WonderWork in the New York State Appellate Division, First Department in appealing the New York Supreme Court's confirmation of an arbitration award against WonderWork. In addition, from time to time in the ordinary course, other CLM professionals and paraprofessionals will provide services to the Debtor.

### Compensation Received by CLM from the Debtor

      8.     Prior to the Petition Date, CLM received the sum $254,454.36 in fees and expenses for its work regarding the confirmation of the arbitration award. Of this amount, $25,000.00 was paid as an initial retainer and the balance was paid at the conclusion of the proceeding confirming the arbitration award, upon submission of an invoice in the amount outstanding. CLM will waive any additional fees incurred prior to the Petition Date to the extent such fees were not directly related to the preparation of this bankruptcy filing.

### Professional Compensation

      9.     CLM intends to represent the Debtor in its chapter 11 case, subject to the Court's approval, and will be applying for compensation for professional services incurred in this chapter 11 case as well as for reimbursement of expenses incurred in connection with noticing services provided during the Debtor's chapter 11 case, subject to the Court's approval and in compliance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local

4

7892978.6

Bankruptcy Rules and any other applicable procedures or orders of the Court. In addition, CLM will make reasonable efforts to comply with the U.S. Trustee Guidelines.

10.    No promises have been received by CLM or by any partner, counsel or associate thereof as to compensation in connection with the chapter 11 case. CLM further states that pursuant to Bankruptcy Rule 2016(b), it has not shared, nor agreed to share (a) any compensation it has received or may receive with another party or person, other than with the partners, associates and contract attorneys associated with CLM or (b) any compensation another person or party has received or may receive.

### CLM's Conflicts Check Procedures

11.    CLM's conflicts check system is designed to include every matter on which the firm is or has been at one time was retained, and in each instance, to include the identity of related and adverse parties. CLM regularly updates this system.

12.    In preparing this Declaration, I caused to be submitted for review by our conflicts check system the entities listed on Schedule 1 hereto (collectively, the "*Conflict Check Parties*"). Schedule 1 was created by the Debtor's advisors after an exhaustive review of the Debtor's records in consultation with management of the Debtor and was supplemented by CLM with information compiled and analyzed by CLM attorneys acting under my supervision. Where appropriate, general and specific inquiries were made of CLM personnel to ensure that any previous representation did not engender conflict with CLM's retention as counsel to the Debtor. The information listed on Schedule 1 may have changed without my knowledge and may change during the pendency of this chapter 11 case. Accordingly, I will update this Declaration as necessary and when I become aware of material information.

5

13.     Based on the conflicts search conducted to date and described herein, to the best of my knowledge, neither I, CLM, nor any partner or associate thereof, insofar as I have been able to ascertain, have any connection with the Debtor, its creditors or any other parties in interest, its respective attorneys and accountants, the United States Trustee (the "*U.S. Trustee*"), or any person employed in the Office of the U.S. Trustee for the Southern District of New York, except as disclosed or otherwise described herein.

**CLM's Connections with Parties in Interest in this Chapter 11 Case**

14.     Although neither the term "connection," as used in Bankruptcy Rule 2014, nor the proper scope of a professional's search for "connection" has been defined, to the best of my knowledge, based on the review procedures described above, CLM does not have any "connection" to any parties in interest in this chapter 11 case.

15.     CLM will not represent any party other than the Debtor in connection with the Debtor's chapter 11 case or any related matter.

16.     I am not related to and, to the best of my knowledge, no other attorney at CLM is related to, any United States Bankruptcy Judge for the Southern District of New York, any District Judge for the Southern District of New York, the U.S. Trustee or any employee in the office of the U.S. Trustee. To the best of my knowledge, except as disclosed herein, no attorneys at CLM or its respective immediate family members own equity interests or are a creditor of the Debtor.

17.     CLM will periodically review its files during the pendency of this chapter 11 case to use its reasonable efforts to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new relevant facts or relationships are discovered or arise, CLM will use reasonable efforts to identify such further developments and will file a supplemental declaration as soon as practicable.

6

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information and belief.

Dated: December 29, 2016
       New York, New York                   /s/ Aaron R. Cahn
                                            _____
                                            Aaron R. Cahn

7

**Schedule 1(a)**
**Current and Recent Former Directors and Officers**

Brian Mullaney

Clark Kokich

Mark Atkinson

Steve Levitt

Sabrina Clark

James Poehling

JJ Coneys

Richard Price

Steve Rappaport

Ravi Kant

Richard Steele

**Schedule 1(b)**
**Current and Recent Former Employees/Contractors with Potential Claims**

None

**Schedule 1(c)**
**Insurers**


Marsh & McLennan

Philadelphia Insurance Co.

**Schedule 1(d)**
**Landlords**


411 Fifth Ave Associates

**Schedule 1(e)**
**Significant Lenders, Noteholders and Grant Providers**

Thompson Family Foundation

Bill and Ann Ziff Foundation

Meadowlark Foundation

Joseph Mullaney

The Raphael and Diana Vinoly Foundation

Detter Family Foundation

Sadguru Netra Chikitsalaya

Vivekananda Mission Asram

CDR Fundraising Group

Ispahani Islamia Eye Institute & Hospital

Siliguri Greater Lions Eye Hospital

Dr. Shroff's Charity Eye Hospital

Tejas Eye Hospital

Drashti Netralaya

Lumbini Eye Institute

Gombai Netralaya

Color Tree Group

E1 Digital Direct

**Schedule 1(f)**
**Litigants**


HelpMeSee, Inc.

**Schedule 1(g)**
**Significant Vendors**

Absolute Electrical Contracting Inc.
Access to Media
Action Mailers
Action Without Borders
Adams & Company Real Estate, LLC
ADP
Ai Fiori Altamarea Group
AJ2E Consulting Inc.
Akhand Jyoti Eye Hospital
Alamy Inc
Alert Hospital
Allied Printing Resources
Allister Business Solutions
Ambassador Construction Company, Inc.
American Arbitration Association
American Express
American List Counsel, Inc.
American Pediatric Surgical Association
American Society of Cataract & Refractive
Ameritas Life Insurance
AMREF
Aravind Eye Foundation
arc I andrea retzky communications
Associated Press
BBB Wise Giving Alliance
Bee Green Industries Inc.
Believe and See
Bethany Kids
Big Apple Unlimited Group
Blue Chalk Media
Bond Street Studio
Bura Construction Corp.
Canlis
Carter Ledyard & Milburn LLP
Catholic Health Association of India (CHAI)
CCBRT
CCTV Security LTD.
CDR Fundraising Group
CENVEO
Children's Burn & Wound Care Foundation
Children's Surgical Centre
Christina Sotelo

Chronicle of Philanthropy
Classic Restaurants Corp.
Color Tree Group
Commissioner of Taxation & Finance
Communications Corporation of America
Contemporary Graphics
Copilevitz & Canter, LLC
Corbis Corporation
Corporate Filing Solutions, LLC
Corporate Interiors Contracting, Inc.
Corporate Press Inc
CoRSU
Creative Direct Response
Creative Office Pavilion
CRP
CSI Cleaning Service Industries, Inc.
CURE
Delaware Secretary of State
Deluxe for Business
Development Resources Inc.
Direct Mail Processors, Inc.
Direct Mail Solutions
Direct Marketing Association, Inc.
DMI Data Management Inc.
Doctors Collaborating to Help Children
Dr. Agarwal's Group of Eye Hospitals
Dr. Shroff's Charity Eye Hospital
Drashti Netralaya
E1 Digital Direct
Emergenza Sorrisi
Eye Foundation Hospital
Fast Company
FedEx
First Rehab Life
Five Star Carting, Inc
Foundation Center
Gary G. Ellis
Gombai Netralaya
Group Gordon
GS Memorial
GUARD Insurance Company
Harvard
Harvard Business Review
Harvard Club of New York City
Help a Child Face Tomorrow

Himalayan Cataract Project
Hosp&Rehab Cen. Disabled Child
Hospital
ICARE Eye Hosp. & Post Grad. Ins
IDMI
IESI-NY Corporation
Impact Foundation
Infogroup
Integra Audio Video
Intelligencer
Interburns Limited
Ispahani Islamia Eye Institute & Hospital
ITC/Choithram Hospital Burn Unit
JAMS
Jones Day
Jorhat Lions Eye Hospital
Kalinga Eye Hospital
Kalyanam Karoti
Kaplan & Levenson P.C.
Kaplan Kravet & Vogel P.C.
Kenmore Envelope
Kenneth Thomas
Khairabad Eye Hospital
KLEAR Electric Corp.
Koala Design
KPMG LLP
Kravet & Vogel, LLP
L&E Meridian
Laura Casale Architect PC
Leaders of Design Council LLC
Lifebox
Lincoln National Life Insurance Company
Lions NAB Eye Hospital
Log-On
Lok Nayak Hospital
Lorraine Flooring, Inc.
Lumbini Eye Institute
LV Prasad Eye Institute
Mac-Tech, LL
Mail America Communications
Mansi International Travel
Maria Ferrari
Market Wired
Marsh & McLennan Agency LLP
Mastek Limited

Matros Automated
McVicker & Higginbotham, Inc.
MDI Imaging and Mail
Media Nation Enterprises LLC
Medical Benevolence Foundation
Metlife Investors USA Insurance Co.
Microsoft
Mobility Outreach International
MOFILM
MyungSung Christian Medical Center
Names in the News
National Fundraising Lists
National Graphics
Nestle Pure Life Direct
New Channel Direct
Nextiva
NNE Marketing
Nonprofit Quarterly
North Dakota Secretary of State
New York State
New York State Department of Law
New York State Employment Taxes
New York State Unemployment Insurance
Office Depot
Operation First Cambodia
Operation Heart Foundation, Inc
Otto Creative Marketing Inc.
Oxford Health Plans
Panos Pictures
Paradysz Matera Co. Inc.
Passport Plus
Pay-by-Pay
PayPal
Pearl Meyer & Partners, LLC
Philadelphia Insurance Companies
Ponseti International Association
Postmaster of New York
President and Fellows of Harvard College
Print Mail Communications
Production Solutions
Project Vision
ProList Direct Marketing Services
Prosthetics Outreach Foundation
Public Health Concern Trust
R. Carnegie Associates, Inc.

Rainforest Inc.
Reputation.com, Inc.
Resource One
ReSurge
Rosanna Menza
Rose Charities
Royal Envelope Corporation
RR Donnelley
RST Associates, Inc.
Sadguru Netra Chikitsalaya
Sankara Eye Care Institutions
Sankara Nethralaya Ophthalmic Mission
Trust,
Sard Verbinnen & Co. LLC
SeaChange Capital Partners
Sewa Sadan Eye Hospital
ShelterPoint Life
Shree Jagannath Hospital&Research Cen
Shri Sadguru, Seva Sangh Trust
Sight For All Foundation
Sightsavers Inc.
Siliguri Greater Lions Eye Hospital
Simpson Thacher & Bartlett LLP
Sitapur Eye Hospital
Skyline Credit Ride Inc.
Small Fortune LLC
SMS Direct
Southern Advertising
Southwest Publishing & Mailing Corporation
SPARSH Hospital
Sri Lanka Eye Foundation
Sri Sankardeva Nethralaya
Srikiran Institute
St. Mary's Hospital
St. Stephen's Hospital
Stanford Social Innovation Review
Stanford University
Staples Contract and Commercial, Inc.
Surgical Volunteers International
Target MarkeTeam
TASC
Tejas Eye Hospital
Tenwek Mission Hospital
The Bridgespan Group
The Chronicle of Philanthropy

The Holewinski Group
The John Fawcett Foundation
The New York Times
The US Life Insurance Co.
The Wells & Drew Companies
Thomas & White
Thomson Reuters (Markets) LLC
Time Moving, Inc.
Time Shred Services, Inc.
Time Warner Cable
Tipping Gardner LLC
Today's Handyman Service
Tourism Consultants Ltd
TowerData Inc.
Treasurer State of Maine
Tri-State Envelope Corp.
Tulsi Chanrai Foundation
U.S.Treasury
ULINE
Union ID and Mail
Unite for Sight
Valtim Marketing Solutions
Vanguard
VedderPrice PC
Venu Eye Institute
Vision Foundation of India
Vista Imaging Group, LLC
Vivekananda Mission Asram
W.B.Mason Co. Inc.
Walk for Life
WB Wood/NY
Wealth-X LLC
Wells Fargo Financial Leasing
WENN
Workwell Partners
World Federation of Societies
XPO Logistics
Yekatit 12 Hospital
YILMAZ
Zero Clubfoot
Zuri Group

**Schedule 1(h)**
**Parties with Potential Interest in Debtor's Assets**

None