Aaron R. Cahn
Leonardo Trivigno
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, New York 10005
Telephone:   (212) 738-3200
Facsimile:   (212) 738-3232
Email:       cahn@clm.com
             trivigno@clm.com

*Proposed Counsel to the Debtor*
*and Debtor in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------ X

| | |
|---|---|
| **In re** | **Chapter 11** |
| **WONDERWORK, INC.,** | **Case No. 16-13607 (SMB)** |
| **Debtor.** | |
| | Hearing Date: February 16, 2017 at 10:00 a.m. |
| | Objection Deadline: February 9, 2017 at 4:00 p.m. |

------------------------------------------------ X

### MOTION OF WONDERWORK, INC. FOR ORDER LIFTING AUTOMATIC STAY TO ALLOW DEBTOR TO PROSECUTE ITS APPEAL OF (I) CONFIRMATION OF ARBITRATION AWARD AND (II) DENIAL OF CROSS-MOTION TO VACATE ARBITRATION AWARD

WonderWork, Inc. ("*WonderWork*" or the "*Debtor*"), debtor and debtor in possession in the above-captioned chapter 11 case, hereby moves for an order, pursuant to 11 U.S.C §§101 et seq. (the "*Bankruptcy Code*"), granting the Debtor relief from the automatic stay to prosecute its appeal of an order granting HelpMeSee, Inc.'s ("*HMS*") petition to confirm an arbitration award and denying Debtor's cross-motion to vacate the award. In support of this Motion, the Debtor respectfully represents:

1

## BACKGROUND

1. On December 29, 2016 (the "***Petition Date***"), WonderWork filed a petition for relief pursuant to Chapter 11 of the Bankruptcy Code.

2. As set forth in more detail in the Debtor's First Day Declaration (Dkt. No. 2), the Debtor has been engaged in a long-running dispute with HMS. WonderWork filed for bankruptcy protection following the issuance of a preliminary arbitration award (the "***Preliminary Award***") and a subsequent final arbitration award (the "***Final Award***" and collectively with the Preliminary Award, the "***Arbitration Award***"). The Final Award, inclusive of interest through November 29, 2016 and attorneys' fees and costs, totals almost $16 million.

3. On December 2, 2016, the New York Supreme Court granted HMS's motion to confirm the Preliminary Award and denied Debtor's cross-motion to vacate the Preliminary Award (the "***New York State Order***").

4. Prior to the Petition Date, the Debtor filed a notice of appeal (the "***Appeal***") on the grounds, among others, that the New York State Order violates well-established New York State public policy requiring gifts to a charity to be used for the purposes specified by the donor. Deviation from such purposes is prohibited without either donor consent or a proceeding in New York Supreme Court, with notice and the opportunity to be heard by the donor and the New York State Attorney General.

5. Because a substantial portion of its assets are restricted, and thus can only be used in accordance with the intent and instructions of the respective donors, the Debtor was financially unable to post a bond for the judgment. The Debtor moved for a discretionary stay, which was not immediately granted. Instead, it was referred to a panel for consideration in early 2017. Because WonderWork's application for an interim stay was not immediately granted,

WonderWork was forced to seek bankruptcy relief to allow it to continue its business and protect its assets from seizure while it pursues its appellate remedies in state court.

### RELIEF REQUESTED

6. For the reasons stated below, the Debtor hereby respectfully requests that this Court lift the automatic stay to allow Debtor to prosecute the Appeal.[1]

### JURISDICTION

7. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### BASIS FOR RELIEF REQUESTED

8. Bankruptcy Code Section 362(a) automatically stays the commencement or continuation of a judicial action against a debtor that was or could have been commenced before the commencement of the bankruptcy case. Even where, as here, it is the debtor who seeks to take action in the non-bankruptcy forum, the operative question is the debtor's status at the time the proceedings began. *In re New York Stock Exch. Arbitration*, 943 F.2d 249, 250 (2d Cir. 1991) (holding "whether an action is 'against the debtor' is determined by examining the debtor's status at the time proceedings were initiated, and not by looking to which party has appealed.") (quoting *Ostano Commerzanstalt v. Telewide Sys., Inc.*, 790 F.2d 206, 207 (2d Cir. 1986)).

9. WonderWork was the Respondent in the New York Supreme Court. Accordingly, WonderWork must move to lift the stay in order to prosecute the Appeal. *See TW Telecom Holdings, Inc. v. Carolina Internet Ltd.*, 661 F.3d 495, 497 (10th Cir. 2011).

---

[1] Since the Petition Date, WonderWork has repeatedly requested counsel's consent to lift the stay. To date, counsel has not responded, thus necessitating the filing of this motion.

7911567.1

10. A party in interest may seek the modification of the automatic stay "for cause." 11 U.S.C. §362(d)(1). Here cause exists because the Debtor seeks to lift the stay for the benefit of the bankruptcy estate. If the Debtor is successful against HMS on the Appeal, there will be substantially more assets available for distribution to all of WonderWork's unsecured creditors.

11. No prejudice will result to any party if the relief sought herein is granted. As set forth above, the Debtor's estate will benefit from the automatic stay being lifted. Further, HMS will be in the same procedural posture as before the case was filed.

### NO PREVIOUS REQUEST

12. No previous motion or application for the relief sought herein has been made to this or any other court.

### NOTICE

13. The Debtor has provided notice of this motion to: (a) the Office of the United States Trustee for the Southern District of New York, (b) counsel for HMS, and (c) all those persons and entities that have formally requested notice by filing a written request for notice, pursuant to Bankruptcy Rule 2002 and the Local Bankruptcy Rules. In light of the nature of the relief requested, the Debtor respectfully submits that no further notice is necessary.

WHEREFORE, WonderWork respectfully requests that this Court enter an order, substantially in the form attached as **Exhibit A** hereto, (i) lifting the automatic stay to allow the Debtor to prosecute the Appeal, and (ii) granting WonderWork such other relief as is just and proper.

Dated: January 31, 2017
      New York, New York

/s/ Aaron R. Cahn
_____
Aaron R. Cahn
Leonardo Trivigno
CARTER LEDYARD & MILBURN LLP
2 Wall Street
New York, New York 10005
Telephone:  (212) 738-3200
Facsimile:  (212) 738-3232
Email:  cahn@clm.com
       trivigno@clm.com
*Proposed Counsel to the Debtor
and Debtor in Possession*