```
UNITED STATES BANKRUPTCY COURT           HEARING DATE:   March 7, 2017
SOUTHERN DISTRICT OF NEW YORK            HEARING TIME:   10:00 a.m.
-----------------------------------------x
                                         :
In re                                    :   Case No.   16-13607 (MKV)
                                         :
Wonderwork, Inc.,                        :   (Chapter 11)
                                         :
                        Debtor.          :
                                         :
-----------------------------------------x
```

**OBJECTION OF UNITED STATES TRUSTEE TO
(1) DEBTOR'S MOTION FOR ENTRY OF INTERIM AND
FINAL ORDERS (I) AUTHORIZING THE DEBTOR TO (A)
CONTINUE EXISTING CASH MANAGEMENT SYSTEM, (B)
HONOR CERTAIN PREPETITION OBLIGATIONS
RELATED THERETO, AND (C) MAINTAIN BUSINESS
FORMS AND EXISTING BANK ACCOUNTS; (II)
EXTENDING TIME TO COMPLY WITH 11 U.S.C. SECTION
345 (b) AND (III) GRANTING RELATED RELIEF; AND (2)
DEBTOR'S MOTION FOR ORDER PURSUANT TO 11 U.S.C.
§ 345(b) AUTHORIZING AND APPROVING CONTINUED
<u>USE OF EXISTING BANK ACCOUNTS</u>**

To:   HONORABLE STUART M. BERNSTEIN
      UNITED STATES BANKRUPTCY JUDGE:

William K. Harrington, the United States Trustee for Region 2 (the "United States Trustee"), hereby submits this objection to (1) the Debtor's Motion for Entry of Interim and Final Orders (I) Authorizing the Debtor to (A) Continue Existing Cash Management System, (B) Honor Certain Prepetition Obligations Related Thereto, and (C) Maintain Business Forms and Existing Bank Accounts; (II) Extending Time to Comply with 11 U.S.C. Section 345 (b) and (III) Granting Related Relief (the "Motion")(ECF Doc. No. 4) and (2) the Debtor's Motion For Order Pursuant To 11 U.S.C. § 345(b) Authorizing And Approving Continued Use Of Existing Bank Accounts (the "345 Motion" and together with the Motion, the "Motions")(ECF Doc. No. 30).

In support thereof, the United States Trustee respectfully states:

## I.  PRELIMINARY STATEMENT

Section 345(b) of title 11, United States Code (the "Bankruptcy Code") was promulgated to protect all creditors of bankrupt entities against the loss of estate funds deposited or invested by debtors. The United States Trustee objects to the Motions to the extent that the Debtor seeks a waiver of the requirements under Section 345(b). The Debtor and the United States Trustee have attempted to determine whether the funds in its money market Vanguard Account (as defined below) could be brought into compliance with the requirements of Section 345(b) of the Bankruptcy Code. At this time, the Debtor seeks a waiver of the Section 345 requirements with respect to its Vanguard Account containing approximately $18.3 million of "restricted" and unrestricted funds. The United States Trustee objects to the waiver sought on the basis that the Debtor has not established the requisite cause mandated by Section 345(b) and, has not identified any authority for the proposition that "restricted funds" are not subject to Section 345(b).

## II.  BACKGROUND

### A.  General Background

1. On December 29, 2016 (the "Petition Date"), WonderWork, Inc. ("WonderWork" or "Debtor") filed a petition for relief under chapter 11, title 11, United States Code (the "Bankruptcy Code"). ECF Doc. No. 1.

2. WonderWork was founded in November 2010 to help provide life-changing surgeries for children and adults who are blind, severely burned or crippled with clubfoot. Instead of sending American doctors on missions, WonderWork empowers local doctors through financial aid, free training and free equipment. WonderWork has 61 partners in 42 countries

worldwide and worked to provide more than 130,000 surgeries for children and adults during 2016.  Declaration of Brian Mullaney; ¶ 7.  ECF Doc. No. 2.

3. WonderWork maintains four noninterest-bearing accounts held by HSBC Bank, N.A. (the "HSBC Accounts"), four noninterest bearing accounts held by PayPal (the "PayPal Accounts"), and a money market account at Vanguard managed by the Debtor (the "Vanguard Account").  ECF Doc. No. 2; ¶ 8.

4. Undetermined portions of the funds in the various accounts are "Restricted Funds" to be used for the purpose designated by the donor.  Motion, ¶ 33, pp. 13-4; ECF Doc. No. 4.

5. As of January 31, 2017, the balance in the Vanguard Account was approximately $18,300,392.82.  ECF Doc. No. 65, p. 55.

6. Attempts by the United States Trustee to bring the funds in the Vanguard Account into compliance with Section 345 have not been successful.

7. Based on the foregoing, the United States Trustee understands that the Debtor is seeking a waiver of the funds held in the Vanguard Account, which currently contains approximately $18.3 million.

### III.    OBJECTION

**A.    The Statutory Standard**

Bankruptcy Code Section 345(b) provides that money of the estate shall be insured or guaranteed by the United States or by a department, agency or instrumentality of the United States or backed by the full faith and credit of the United States.  11 U.S.C. ' 345(b).  Money of the estate may also be deposited in an entity that has posted a bond in favor of the United

States or has deposited securities with the Federal Reserve Bank in an account maintained by the United States Trustee  *Id.*   A court may waive the requirements of Section 345 upon the showing of "cause."  *Id.*

### B.  The Debtors Have Not Established Cause

The Debtor's 345 Motion requests that the Court authorize the Debtor to continue to use and maintain the Vanguard Account.  The United States Trustee maintains that the Vanguard Account does not comply with Section 345 of the Bankruptcy Code.  The Debtor has not provided evidence to support a finding that cause exists for the waiver of the requirements of Section 345 of the Bankruptcy Code.  Because the Debtor has not demonstrated cause for a waiver of the requirements set forth in Section 345, the United States Trustee respectfully objects to the Debtor's Motion to the extent it seeks entry of a Final Order waiving the requirements of Section 345.

The Debtor argues that Restricted Funds are not subject to Section 345, that the cost associated with satisfying the requirements of Section 345(b) would be burdensome, and that the process of satisfying those requirements would lead to needless inefficiencies in the management of Republic's business.  Motion, at ¶ 35 and 345 Motion.  The Motion identifies no support for the argument that Restricted Funds (that have not been fully identified) are not subject to Section 345.  The remaining arguments that the requirements of Section 345 are burdensome and inefficient are available to virtually every debtor, and, if sufficient to establish cause in every case, would render the protections contemplated by Section 345 totally ineffective.

WHEREFORE, the United States Trustee respectfully requests that the Court deny the Motions and grant such other and further relief as the Court deems appropriate.

Dated: New York, New York
March 3, 2017

Respectfully Submitted,

WILLIAM K. HARRINGTON
UNITED STATES TRUSTEE

By: /s/ *Brian S. Masumoto*
Brian S. Masumoto
Trial Attorney
33 Whitehall Street, 21st Floor
New York, New York 10004
(212) 510-0500