UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------- X
                                                                          :
In re                                                                     :   Chapter 11
                                                                          :
WONDERWORK, INC.,                                                         :   Case No. 16-13607 (MKV)
                                                                          :
         Debtor.                                                          :
------------------------------------------------------------------------- X

## ORDER DIRECTING THE APPOINTMENT OF AN EXAMINER
## AND ESTABLISHING TEMPORARY BUDGETARY CONTROLS

Upon the Motion dated January 18, 2017 of Help Me See, Inc. ("HMS") For the Entry of An Order Directing the Appointment of a Chapter 11 Trustee (the "Trustee Motion") [Docket No. 16]; and the Court having considered the arguments made at the hearing on March 10, 2017 on the Trustee Motion; and upon this Court's Order dated March 13, 2017 [Docket No. 80] directing the parties to show cause (1) why the Court should not order the appointment of an examiner to conduct an investigation of the Debtor, and (2) address what cautions or controls should be put in place to address the concerns raised in HMS' Trustee Motion [Docket No. 16]; and the Court having considered the Statement of HMS in Support of the Appointment of an Examiner and Imposition of Cautions and Controls [Docket No. 92] and the Response of WonderWork, Inc. to the Order to Show Cause Regarding Appointment of an Examiner [Docket No. 93]; and the Court having considered the arguments made at the hearing on April 12, 2017; and this Court having jurisdiction to consider the appointment of an examiner pursuant to 11 U.S.C. § 1104; and consideration of this issue being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and adequate notice of the Order to Show Cause and opportunity to be heard having been given; and the Court having determined that there is cause for the appointment of an examiner and the

1

imposition of certain temporary controls; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby:

**ORDERED** that the Trustee Motion [ECF No. 16] is denied without prejudice; and it is further

**ORDERED** that pursuant to § 1104(d) of the Bankruptcy Code, the United States Trustee shall, appoint one independent examiner (the "Examiner") in this bankruptcy case; and it is further

**ORDERED** that the Examiner shall investigate:

1. The Debtor's collection, use, allocation, and transfers of restricted and unrestricted funds, including:

    (a) the Debtor's system for collecting, tracking and using restricted-purpose funds;

    (b) whether and to what extent Debtor's funds are properly subject to donor restrictions and/or other restrictions under New York charity law and the characterization and nature of any such restriction;

    (c) how expenses and expenditures including overhead and grants are allocated across various causes, including the transfer of funds among the Debtor's bank accounts; and

    (d) whether Debtor has taken actions in violation of the automatic stay by attempting to impose restrictions on funds that were otherwise unrestricted as of the petition date;

2. Whether grants made by the Debtors were to organizations that provide services that are consistent with the restricted purpose of the funds used to make such grants, and the method by which the Debtor monitors the use of the grants;

3. Any potential claims and causes of action of the Debtor, including without limitation preferential and fraudulent transfers, including to insiders, claims for breach of fiduciary duty and corporate waste, other claims against insiders and claims relating to expense reimbursement;

4. All payments made to or amounts due to Brian Mullaney ("Mr. Mullaney") including expense reimbursements from the Debtor to Mr. Mullaney; and

5. The Debtor's corporate governance structures and practices, including oversight of Mr. Mullaney by the Debtor's board of directors; and it is further

**ORDERED** that the Examiner shall otherwise perform duties of examiner set forth in 11 U.S.C. § 1106(a)(3) and (4) of the Bankruptcy Code; and it is further

**ORDERED** that pursuant to § 1106(a)(4) of the Bankruptcy Code, the Examiner shall as soon as practical file on the docket a written report of his or her investigation (the "Report") within the time period set forth below, but in no event later than 90 days from the date the Examiner is appointed, unless such time is extended by the Court. To the extent that the Report contains the identities of any of the Debtor's donors or grantees or the identities of any patients of any of the Debtor's grantees such information shall be redacted prior to filing and an unredacted courtesy copy of the Report shall be delivered to the Court; and it is further

**ORDERED** that the Examiner may retain attorneys, accountants and/or other professionals if he or she determines that such professionals are necessary to discharge his or her

duties, with such retention to be subject to Court approval under standards equivalent to those set forth in § 327 of the Bankruptcy Code; and it is further

**ORDERED** that, subject to the provisions below regarding a proposed budget for the Examiner's investigation (which proposed budget shall include a good faith estimate of the fees and expenses of the Examiner's proposed retained professionals), the Examiner and any professionals retained by the Examiner pursuant to any order of this Court shall be compensated and reimbursed for their fees and expenses in this case, with compensation and reimbursement of the Examiner being determined pursuant to § 330 of the Bankruptcy Code, and compensation and reimbursement of the Examiner's professionals being determined pursuant to standards equivalent to those set forth in § 330 of the Bankruptcy Code; and it is further

**ORDERED** that the Debtor, HMS and the Committee, if one is appointed, are directed to cooperate fully with the Examiner's investigation, including to turn over, and otherwise make available to, the Examiner all documents or employees the Examiner requests. Debtor shall also use reasonable best efforts to cause any board member to cooperate fully with the Examiner's investigation; and it is further

**ORDERED** that all privileges, protections, confidentiality, and immunities shall remain in full force and effect as to any information provided to the Examiner, and shall not be waived or in any way impaired in connection with this bankruptcy case (including in connection with any current or subsequent adversary proceeding or contested matter in this chapter 11 case) or in any other federal or state or other proceeding outside of this chapter 11 case by disclosure or production to the Examiner of any materials protected by such privileges, protections confidentiality and immunities, or compliance with any other aspect of this Order; and it is further

**ORDERED** that within ten (10) days after appointment of the Examiner, the Examiner shall file with the Court a proposed work plan that shall include, but shall not be limited to, (a) an estimated budget of the costs and expenses related to the Examiner's investigation, (b) a summary of the proposed steps the Examiner intends to take to complete his or her investigation, and (c) a proposed timeline for completion of the Report; and it is further

**ORDERED** that, except as provided in the paragraphs above, until the Examiner has filed the Report (and any subsequent report as may be ordered by the Court), the Examiner and the Examiner's professionals or agents shall not make any disclosures other than such disclosures ordered by the Court, if requested, concerning the results of the Examiner's investigation and any preliminary and final conclusions reached; and it is further

**ORDERED** that the Examiner shall have the standing of a party in interest with respect to matters that are within the scope of the investigation; and it is further

**ORDERED** that all material provided to the Examiner in the course of his or her investigation shall be confidential and shall not be shared with any other party unless otherwise directed by the Court; and it is further

**ORDERED** that until the Examiner files the Report:

1. The Debtor shall not make any further grants, donations or spend restricted funds without prior Court approval;

2. On or before April 28, 2017, WonderWork shall provide a 13-week budget (the "Budget") for the period commencing May 1, 2017, which shall be approved by the Debtor's board of directors, and provided to HMS, the U.S. Trustee and the New York Attorney General, and shall thereafter deliver a budget for the subsequent 13-week period approved by the Debtor's board of directors to HMS, the U.S. Trustee,

5

and the Examiner no later than the Friday of the eighth week covered by the then-existing budget (which subsequent budget shall be treated as the Budget). The New York Attorney General or ny party in interest may object to the budget and/or to the subsequent budget, in which case the budget shall be subject to Court approval;

3. The Debtor shall not be permitted to spend funds that are not set forth in the applicable Budget, subject to reasonable timing adjustments and a 10% line-item variance (the "Permissible Variance"); provided, however, that the fees and expenses of the Examiner, the Examiner's professionals and the Debtor's professionals, including its attorneys and auditors, shall only be paid after notice and a hearing and approval by the Court pursuant to § 330 of the Bankruptcy Code, and shall not be limited by the Permissible Variance;

4. Following the approval of any Budget, any expenditures in excess of the Permissible Variance or that are not included in the Budget may only be paid upon the prior approval of the chair of the Debtor's audit committee, and if HMS objects to such payment, by the Court, provided that in no instance is any such approval required for the payment of rent, insurance, salary, utilities, other overhead or third-party vendors or consultants pursuant to a prior agreement;

5. On or before April 25, 2017, the Debtor shall provide to the U.S. Trustee, HMS, and the New York Attorney General an unaudited schedule of its restricted and unrestricted funds, including a breakdown as to the nature of any alleged restrictions;

6. Without prior Court approval, Debtor shall not incur or reimburse any expenses for first-class or other premium travel, hotel stays in excess of $400 per night, rental cars in excess of $150 per day, meals in excess of $75 per person, or gifts in any amounts;

7. Debtor shall not use any of HMS' intellectual property in its donor solicitation materials or otherwise; and

8. Debtor shall not take any action to modify its documentation with respect to the restricted funds, including requesting donors to designate such funds as restricted other than in a manner consistent with the Debtor's ordinary business practices; and it is further

**ORDERED** that this Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order including to impose sanctions on Debtor's principals and/or professionals to the extent Debtor fails to abide by the cautions and controls set forth in this Order; and it is further

**ORDERED** that the Examiner shall cooperate fully with any governmental agency (such cooperation shall not be deemed a public disclosure as referenced above) including, but not limited to, any federal, state or local governmental agency and the Examiner shall use best efforts to coordinate with such agencies in order to avoid unnecessary interference with any investigations; and it is further

**ORDERED** that nothing in this Order shall impede the right of the United States Trustee or another party in interest to request any other lawful relief, including, but not limited to an expansion of the scope of the investigations or the appointment of a trustee.

Dated: New York, New York
April 21, 2017

    *s/ Mary Kay Vyskocil*
Honorable Mary Kay Vyskocil
United States Bankruptcy Judge