LOEB & LOEB LLP
Walter H. Curchack, Esq.
William M. Hawkins, Esq.
Bethany D. Simmons, Esq.
345 Park Avenue
New York, New York 10154
Telephone: 212-407-4000
Facsimile: 212-407-4990
Email: whawkins@loeb.com

*Proposed Counsel to Jason R. Lilien, the Examiner for WonderWork, Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | Chapter 11 |
| **WONDERWORK, INC.,** | Case No. 16-13607 (MKV) |
| Debtor. | |

**PRELIMINARY WORK PLAN OF JASON R. LILIEN, EXAMINER**

TO THE HONORABLE MARY KAY VYSKOCIL,
UNITED STATES BANKRUPTCY JUDGE:

Jason R. Lilien, the Court-appointed Examiner (the "Examiner") for WonderWork, Inc. (the "Debtor") in the above-captioned Chapter 11 case, by his proposed undersigned counsel, hereby submits his preliminary work plan.

**INTRODUCTION**

1.  On April 21, 2017, the Court entered an Order Directing the Appointment of an Examiner and Establishing Temporary Budgetary Controls (the "Examiner Order") (Dkt#110), directing the United States Trustee (the "U.S. Trustee") to appoint an examiner for the Debtor pursuant to 11 U.S.C. § 1104.

2. On May 5, 2017, the U.S. Trustee appointed Jason R. Lilien, Esq. as Examiner and filed (i) a notice of such appointment (Dkt#129) and (ii) an application for an order approving such appointment. (Dkt#130)

3. On May 10, 2017, the Court entered its order approving the appointment of Jason R. Lilien, Esq. as the Examiner. (Dkt#136)

4. The Examiner Order sets forth in broad terms the scope of the investigation to be conducted by the Examiner as follows:

> [T]he Examiner shall investigate:
>
> 1. The Debtor's collection, use, allocation, and transfers of restricted and unrestricted funds, including:
>
>    (a) the Debtor's system for collecting, tracking and using restricted-purpose funds;
>
>    (b) whether and to what extent Debtor's funds are properly subject to donor restrictions and/or other restrictions under New York charity law and the characterization and nature of any such restriction;
>
>    (c) how expenses and expenditures including overhead and grants are allocated across various causes, including the transfer of funds among the Debtor's bank accounts; and
>
>    (d) whether Debtor has taken actions in violation of the automatic stay by attempting to impose restrictions on funds that were otherwise unrestricted as of the petition date;
>
> 2. Whether grants made by the Debtor were to organizations that provide services that are consistent with the restricted purpose of the funds used to make such grants, and the method by which the Debtor monitors the use of the grants;
>
> 3. Any potential claims and causes of action of the Debtor, including without limitation preferential and fraudulent transfers, including to insiders, claims for breach of

>   fiduciary duty and corporate waste, other claims against insiders and claims relating to expense reimbursement;
>
> 4. All payments made to or amounts due to Brian Mullaney ("Mr. Mullaney") including expense reimbursements from the Debtor to Mr. Mullaney; and
>
> 5. The Debtor's corporate governance structures and practices, including oversight of Mr. Mullaney by the Debtor's board of directors…

Examiner Order at 2-3.

5. The Examiner Order provides that within ten days after his appointment, "the Examiner shall file with the Court a proposed work plan that shall include, but shall not be limited to, (a) an estimated budget of the costs and expenses related to the Examiner's investigation, (b) a summary of the proposed steps the Examiner intends to take to complete his or her investigation, and (c) a proposed timeline for completion of the Report." *Id.* at 5.

6. The Examiner Order further directs the Examiner to file a written report of his investigation (the "Report") no later than 90 days from the date of the Examiner's appointment, unless such time is extended by the Court. *Id.* at 3.

## THE EXAMINER'S ACTIVITIES TO DATE

7. Following his appointment, the Examiner along with his proposed counsel initiated a review of the pleadings in the case and the decision of the arbitrator in the dispute between the Debtor and Help Me See, Inc. ("HMS", and together with the Debtor and the U.S. Trustee, the "Parties").

8. The Examiner and his proposed counsel have held separate in-person meetings with counsel for the Debtor and HMS in order to become familiar with the facts and circumstances leading up to the filing of the Chapter 11 case and the proceedings to date. The meetings also helped the Examiner and his proposed counsel ascertain the preliminary views

3

of each of the Debtor and HMS concerning the potential legal and factual issues to be addressed by the investigation and gain an initial understanding of the materials and resources available to the Examiner.

9. The Examiner also had telephone discussions with representatives of the U. S. Trustee and the New York State Attorney General ("NYAG") to begin a dialogue and facilitate open lines of communication throughout the examination.

10. The Examiner has also solicited proposals from accounting firms with relevant forensic and not-for-profit experience to be retained as financial advisor(s). He has interviewed members of several such firms. As of the date of this filing, the Examiner has not yet decided which accounting firm or firms to retain. The Examiner expects to make the decision concerning retention of financial advisor(s) and file retention applications for professionals as soon as practicable.

11. The Examiner will conduct a thorough and independent investigation, which will include witness interviews (or depositions) that he deems necessary and feasible along with a review of relevant documents and materials. The Examiner will assess the extent to which he will be able to utilize the extensive record developed in this case. In this regard, the Examiner has already asked counsel for the Debtor and HMS to provide access to documents, files and other information, all subject to the confidentiality provisions set forth in the Examiner Order. Counsel for the Debtor and HMS have both indicated their intention to cooperate fully with the Examiner. The Examiner believes that such cooperation will be necessary given the timing and expense constraints of this investigation.

12. Based on the stated commitments of cooperation from counsel for the Debtor and HMS, the Examiner does not immediately intend to seek formal discovery of either the

Debtor or HMS.  However, the Examiner reserves all rights and power under law and the Examiner Order to compel production, take depositions, and conduct such other discovery as he may deem necessary or appropriate.

### THE EXAMINER'S PRELIMINARY PROPOSED WORK PLAN

13.     The Examiner has developed this proposed work plan based upon the Examiner Order, his review of various pleadings regarding the subject matter of the investigation, various public and non-public documents provided by the Debtor and HMS regarding that subject matter, and his discussions with the Parties.

14.     In order to provide structure to the investigation, the Examiner plans to divide his investigation into several principal categories: (i) the classification of donations to the Debtor as restricted or unrestricted; (ii) the use, tracking and accounting of Debtor's restricted funds; (iii) the propriety of the Debtor's expenditures of funds by or for the benefit of insiders; (iv) potential avoidance actions of the Debtor; (v) other potential causes of action of the Debtor, including breaches of fiduciary duty and waste of charitable assets; and (vi) the Debtor's corporate governance structure and practices.  These categories remain subject to change (within the bounds of the tasks set forth in the Examiner Order).  Additionally, the Examiner may seek clarification from the Court on the scope of the investigation described in the Examiner Order.

### A. Information Gathering and Verification

15.     The Examiner will need to ascertain the volume of documents that he will need to review in order to complete his investigation.  Based on his preliminary discussions with the Parties, the Examiner estimates that the data will include thousands of pages of documents and emails (which may or may not be in searchable format).  In particular, the Examiner intends to request that correspondence and emails be produced on an expedited basis because

he believes those materials will be especially critical to his analysis. The Debtor has agreed to "rolling" production to facilitate the Examiner's compressed timetable.

16. At this time, the Examiner does not anticipate creating a document depository accessible by the Debtor and HMS given, among other things, the budget for this project and the confidentiality concerns expressed by the Parties.

17. The Examiner will aim to balance the breadth of the Examiner Order with the desire to limit the costs and timeframe of his investigation. With these considerations in mind, the Examiner may decide to limit his investigation with respect to certain issues, including, for example, by setting dollar thresholds for the review of certain transactions. The Examiner believes that imposing these limits may prove to be in the best interests of the estate.

### B. Witness Interviews and Potential Depositions

18. At this juncture, the Examiner anticipates that he will conduct interviews with key staff of the Debtor, current and former board members of the Debtor, and current and former fundraising and accounting professionals who perform/have performed services for the Debtor, among others. The Examiner will generally seek to conduct voluntary interviews of these witnesses with respect to the issues subject to his investigation, but reserves the right to seek the necessary authority to issue subpoenas on an expedited basis or otherwise seek judicial intervention in those instances (if any) where witnesses decline to cooperate with the Examiner's requests.

### C. Maintaining Open Lines of Communication

19. During the course of his investigation, the Examiner will continue to maintain open lines of communication with the Debtor, HMS, the U.S. Trustee and the NYAG.

20. The Examiner, through counsel, will provide such periodic status and progress reports as the Court may direct.

### D. Monitoring of Bankruptcy Case

21. The Examiner's proposed counsel will continue to monitor and review pertinent filings with the Bankruptcy Court regarding or involving any issues related to the investigation.

### E. Retention of Professionals

22. In accordance with the provisions of the Examiner Order, the Examiner has determined that it is necessary and appropriate to employ and retain, subject to approval of this Court, certain professionals in order to discharge fully his duties.

23. The Examiner will move for authorization to retain Loeb & Loeb LLP as counsel.[*] In addition, the Examiner has determined that he cannot adequately conduct the investigation without advice from independent financial advisor(s). As noted above, the Examiner has interviewed a number of well-qualified candidates, but has not yet decided which specific firm or firms to retain. The Examiner will, after consultation with the U.S. Trustee, move for authorization to retain independent financial advisor(s) as promptly as possible. The Examiner reserves the right to seek retention of additional professionals as he deems necessary.

### F. Preparation of Examiner's Report; Budget and Timing

24. At this juncture, the Examiner believes that the 90-day timeframe provided in the Examiner Order for the submission of his Report is ambitious given the expansive scope of the Examiner Order, the number of issues to be analyzed, and the volume of documents to

---

[*] The Examiner is a partner of Loeb & Loeb LLP, and believes that retaining his firm as counsel is cost-effective and will expedite completion of his investigation.

be reviewed. Thus, while the Examiner recognizes the importance of completing his investigation as soon as possible, and intends to do everything reasonably possible to ensure completion within the 90-day period, he reserves the right to seek an extension from the Court.

25. It is also exceedingly difficult at this time to estimate what this investigation will cost. Based upon the information *currently* available to the Examiner, the Examiner estimates that the investigation and the preparation of the Report will cost approximately $300,000-$600,000 in fees and reimbursable expenses. Once the Examiner becomes more familiar with the case, certain factors, such as the volume of documents to be reviewed and the number of potential claims and causes of action to be investigated, may necessitate a larger budget. Nonetheless, the Examiner will at all times discharge his responsibilities in a cost-efficient manner and endeavor to contain costs where possible.

[INTENTIONALLY LEFT BLANK]

## RESERVATION OF RIGHTS

26. The Examiner's work plan is based upon currently available information and presumes the full and complete cooperation of the Debtor and HMS, as well as other parties in interest, in accordance with the Examiner Order. Additional time is necessary for the Examiner to assemble, review and analyze pertinent documents and related information. As the process unfolds, the Examiner may need to amend this work plan. The Examiner reserves his right to modify this work plan accordingly and will promptly notify the Court if modifications are necessary.

Dated: May 22, 2017
      New York, New York

                                     Respectfully submitted,

                                     Jason R. Lilien, Examiner by

                                     LOEB & LOEB LLP

                                     By: */s/ William M. Hawkins*
                                         Walter H. Curchack
                                         William M. Hawkins
                                         Bethany D. Simmons
                                     345 Park Avenue
                                     New York, NY  10154
                                     Telephone:  (212) 407-4000
                                     Facsimile:    (212) 407-4990
                                     Email: whawkins@loeb.com

                                     *Proposed Counsel to Jason R. Lilien, the Examiner*