UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------- X
: 
In re : Chapter 11
: 
WONDERWORK, INC., : Case No. 16-13607 (MKV)
: 
Debtor. :
: 
---------------------------------------------- X

# ORDER ESTABLISHING DEADLINE FOR FILING
# PROOFS OF CLAIM AND APPROVING THE FORM AND MANNER OF NOTICE

Upon the application (the "*Application*") of WonderWork, Inc. ("*WonderWork*" or the "*Debtor*"), as debtor and debtor in possession, pursuant to section 502(b)(9) of chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*"), Rules 2002 and 3003(c)(3) of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Rule 3003-1 of the Local Bankruptcy Rules for the Southern District of New York (the "*Local Rules*") for entry of an order establishing deadlines and procedures for filing proofs of claim and approving the form and manner of notice thereof; and due and proper notice of the Application having been given as provided in the Application, and such notice having been adequate and appropriate under the circumstances; and no objections having been filed; and a Certificate of No Objection having been filed on June 13, 2017 (ECF No. 174); and the Court having determined that the relief sought is in the best interests of the Debtor, its estates, and its creditors, and that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED**, that except as otherwise provided herein, all persons and entities, (including, without limitation, individuals, partnerships, corporations, joint ventures, trusts, and governmental units, that assert a claim, as defined in section 101(5) of the Bankruptcy

Code, against the Debtor which arose on or prior to the commencement of these chapter 11 cases on December 29, 2016 (the "*Petition Date*"), shall file a proof of such proof of claim so that it is received on or before July 31, 2017 at 5:00 p.m. (Eastern Time) (the "*Bar Date*"); and it is further

**ORDERED**, that the following procedures for the filing of proofs of claim shall apply:

(a) Proofs of Claim must conform substantially to Official Bankruptcy Form No. 410;

(b) Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file proofs of claim electronically on the Court's Case Management/Electronic Case File ("CM/ECF") system. Those without accounts with the CM/ECF system may electronically create and file proofs of claim through the "File A Proof of Claim" link on the Court's website at www.nysb.uscourts.gov or by mailing or delivering the original proof of claim to the United States Bankruptcy Court, Southern District of New York, One Bowling Green, New York, New York 10004;

(c) Proofs of Claim will be deemed filed only when <u>received</u> by the Clerk of the Bankruptcy Court on or before the Bar Date;

(d) Proofs of Claim must (i) be signed by the claimant, or, if the claimant is not an individual, by an authorized agent of the claimant under penalty of perjury; (ii) set forth with specificity the legal and factual bases for the alleged claim; (iii) include supporting documentation (if voluminous, attach a summary) or explanation as to why documentation is not

available; (iv) be in the English language; and (v) be denominated in United States currency (using the exchange rate, if applicable, as of the Petition Date);

(e) Proofs of Claim must specify the Debtor by name and case number; and it is further

**ORDERED**, that the following persons or entities need not file a proof of claim on or prior to the Bar Date:

a. any person or entity that already has filed a proof of claim against the Debtor in the above-captioned chapter 11 case in a form substantially similar to Official Bankruptcy Form 410;

b. any person or entity whose claim is listed on the Debtor's Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (the "**Schedules**"); <u>provided</u> that (1) the claim is <u>not</u> scheduled as "disputed," contingent," or "unliquidated;" <u>and</u> (2) the claimant does not disagree with the amount, nature, and priority of the claim as set forth in the Schedules;

c. any holder of a claim that heretofore has been allowed by order of this Court;

d. any person or entity whose claim has been paid in full by the Debtor;

e. any holder of a claim for which specific deadlines have previously been fixed by order of this Court;

f. any holder of a claim allowable under § 503(b) and § 507(a)(2) of the Bankruptcy Code as an administrative expense; and it is further

**ORDERED**, that any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which the order authorizing rejection is dated on or before the date of entry of this Order, must file a proof of claim based on such rejection on or before the Bar Date, and any person or entity that holds a claim that arises from the rejection of an executory contract or unexpired lease, as to which an order authorizing such rejection is dated after the entry of this order, must file a proof of claim with respect to such claim by the date fixed by the Bankruptcy Court in the applicable order authorizing rejection of such contract or lease; and it is further

**ORDERED**, that if the Debtor amends or supplements its Schedules subsequent to the date of entry of this Order, the Debtor shall give notice of any amendment or supplement to the holders of claims affected thereby, such holders shall be afforded thirty (30) days from the date of such notice to file proofs of claim in respect of their claims and shall be given notice of such deadline; and it is further

**ORDERED**, that holders of equity security interests in the Debtor need not file proofs of interest with respect to the ownership of such equity interests, <u>provided</u>, however, that if any such holder asserts a claim against the Debtor (including a claim relating to an equity interest or the purchase of sale of such equity interests), a proof of such claim must be filed on or prior to the Bar Date pursuant to procedures set forth in this Order; and it is further

**ORDERED**, that nothing in this Order shall prejudice the right of the Debtor or any other party in interest to dispute or assert offsets or defenses to any claim reflected in the Schedules; and it is further

**ORDERED**, that pursuant to Bankruptcy Rule 3003(c)(2), any holder of a claim that fails to comply with this Order by timely filing a proof of claim in appropriate form shall not

be treated as a creditor with respect to such claim for the purposes of voting and distribution; and it is further

**ORDERED**, that a copy of the notice substantially in the form annexed hereto as **Exhibit 1** (the "*Bar Date Notice*") hereby is approved and shall be deemed adequate and sufficient if served by first-class mail at least thirty (35) days prior to the Bar Date on:

a. the Office of the United States Trustee;

b. all persons or entities that have requested notice of the proceedings in this chapter 11 case;

c. all persons or entities that have filed claims against the Debtor in this chapter 11 case;

d. all creditors and other known holders of claims as of the date of this Order, including all persons or entities listed in the Schedules as holding claims;

e. all parties to executory contracts and unexpired leases of the Debtor;

f. all parties to pending litigation with the Debtor;

g. the Internal Revenue Service and the United States Attorney's Office for the Southern District of New York;

h. the New York State Attorney General's Office, Charities Bureau; and

i. such additional persons and entities deemed appropriate by the Debtor; and it is further

**ORDERED**, that pursuant to Bankruptcy Rule 2002(f), the Debtor shall publish the Bar Date Notice, with any necessary modifications for ease of publication, once in the national edition of *The New York Times*, subject to applicable publication deadlines, at least twenty-eight (28) days prior to the Bar Date, which publication hereby is approved, shall be deemed to be a part of the Debtor's approved budget and shall be deemed good, adequate, and sufficient publication notice of the Bar Date; and it is further

**ORDERED**, that any person or entity who desires to rely on the Schedules will have the responsibility for determining that the claim is accurately listed in the Schedules; and it is further

**ORDERED**, that the Debtor is authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order; and it is further

**ORDERED**, that entry of this Order is without prejudice to the right of the Debtor to seek further order of this Court fixing a date by which holders of claims or interests not subject to the Bar Date established herein must file such proofs of claim or interest or be forever barred from so doing; and it is further

**ORDERED**, that this Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.


Dated:  New York, New York
 June 15, 2017                              *s/ Mary Kay Vyskocil*
                                            HONORABLE MARY KAY VYSKOCIL
                                            UNITED STATES BANKRUPTCY JUDGE

**Exhibit 1**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------- X
:
In re : Chapter 11
:
WONDERWORK, INC., : Case No. 16-13607 (MKV)
:
Debtor. :
:
-------------------------------------------------- X

**NOTICE OF DEADLINES REQUIRING FILING OF PROOFS OF CLAIM ON OR BEFORE JULY 31, 2017**

**TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST WONDERWORK, INC.**

The United States Bankruptcy Court for the Southern District of New York (the "*Bankruptcy Court*") has entered an Order establishing **July 31, 2017 at 5:00 p.m. (Eastern Time)** (the "*Bar Date*") as the last date and time for each person or entity (including individuals, partnerships, corporations, joint ventures, and trusts, and governmental units, as defined in 11 U.S.C. § 101(27) of the Bankruptcy Code) to file a proof of claim against WonderWork, Inc. ("*WonderWork*" or the "*Debtor*").

The Bar Date and the procedures set forth below for filing proofs of claim apply to all claims against the Debtor that arose prior to December 29, 2016 (the "*Petition Date*"), the date on which the Debtor commenced a case under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*"), except for those holders of the claims listed in Section 4 below that specifically are excluded from the Bar Date filing requirement.

1. **WHO MUST FILE A PROOF OF CLAIM**

You MUST file a proof of claim to vote on a chapter 11 plan filed by the Debtor or to share in distributions from the Debtor's bankruptcy estate if you have a claim that arose prior to the Petition Date, and it is not one of the types of claims excepted from filing a claim as

- 1 -

described in Section 4 below. Claims based on acts or omissions of the Debtor that occurred before the Petition Date must be filed on or prior to the Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

**2. WHAT TO FILE**

Your filed Proof of Claim must conform substantially to Official Form No. 410. Proof of Claim forms may be obtained at the Bankruptcy Court's website located at www.uscourts.gov/forms/bankruptcy-forms.

All Proof of Claims must be **signed** by the claimant or, if the claimant is not an individual, by an authorized agent of the claimant. It must be written in English and be denominated in United States currency. You must set forth with specificity the legal and factual bases for your claim. You should attach to your completed proof of claim any documents on which your claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

Your proof of claim must not contain complete social security numbers or taxpayer identification numbers (only the last four (4) digits), a complete birth (only the year), the name of

a minor (only the minor's initials), or a financial account number (only the last four (4) digits of such account).

3. **WHEN AND WHERE TO FILE**

Except as provided for herein, all proofs of claim must be filed so as to be received **on or before on or before July 31, 2017 at 5:00 p.m. (Eastern Time).**

Attorneys (with full access accounts) and employees of institutional creditors (with limited access accounts) should file proofs of claim electronically on the Court's Case Management/Electronic Case File (CM/ECF) system.

Those without accounts to the CM/ECF system may create and electronically file their proofs of claim through the "File A Proof of Claim" link on the Court's website, www.nysb.uscourts.gov, or by mailing or delivering the original proof of claim to the Court at the address provided below:

> **United States Bankruptcy Court**
> **Southern District of New York**
> **One Bowling Green, Room 534**
> **New York, New York 10004-1408**

Proofs of Claim will be deemed filed only when received by the Bankruptcy Court on or before the Bar Date. Proofs of Claim may not be delivered by facsimile, telecopy, or electronic mail transmission.

4. **WHO DOES NOT NEED TO FILE A PROOF OF CLAIM**

You do **not** need to file a proof of claim on or prior to the Bar Date if you are:

> i. any person or entity that already has filed a Proof of Claim against the Debtor in the above-captioned chapter 11 case in a form substantially similar to Official Bankruptcy Form 410;

  ii. any person or entity whose claim is listed on the Schedules; <u>provided</u> that (1) the claim is not scheduled as "disputed," contingent," or "unliquidated;" and (2) the claimant does not disagree with the amount, nature, and priority of the claim as set forth in the Debtor's Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (the "*Schedules*");

  iii. any person or entity whose claim has been paid in full by the Debtor; and

  iv. any holder of a claim allowable under § 503(b) and § 507(a)(2) of the Bankruptcy Code as an administrative expense.

  This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtor but may not have an unpaid claim against the Debtor. The fact that you have received this Notice does not mean that you have a claim or that the Debtor or the Bankruptcy Court believe that you have a claim against the Debtor.

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

  If you have a claim arising from the rejection of an executory contract or unexpired lease, to which the order is dated after the date of entry of the Bar Date Order, you must file a proof of claim with respect to such claim by the date fixed by the Bankruptcy Court in the applicable order authorizing rejection of such contract or lease.

  Holders of equity security interests in the Debtor need not file proofs of interest with respect to the ownership of such equity interests, <u>provided</u>, however, that if any such holder asserts a claim against the Debtor (including a claim relating to an equity interest or the purchase of sale of such equity interests), a proof of such claim must be filed on or prior to the Bar Date pursuant to procedures set forth in this Order.

**6. CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE**

ANY HOLDER OF A CLAIM THAT IS NOT EXEMPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS SET FORTH IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM SHALL NOT BE TREATED AS A CREDITOR WITH RESPECT TO SUCH CLAIM FOR THE PURPOSES OF VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES AND PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTOR'S CASE ON ACCOUNT OF SUCH CLAIM.

**7. THE DEBTOR'S SCHEDULES AND ACCESS THERETO**

You may be listed as a holder of a claim against the Debtor in the Debtor's Schedules of Assets and Liabilities and/or Schedules of Executory Contracts and Unexpired Leases (collectively "the Schedules"). If you rely on the Debtor's Schedules, it is your responsibility to determine that the claim is listed accurately on the Schedules. If you agree with the nature, amount, and status of your claim as listed in the Debtor's Schedules, and if your claim is not described as "disputed," "contingent," or "unliquidated," you do not need to file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Debtor's Schedules are available for inspection on the Bankruptcy Court's electronic docket for the Debtor's chapter 11 case, which is posted on the Court's website at http://www.nysb.uscourts.gov. A login and password to the Bankruptcy Court's Public Access to Electronic Records ("*PACER*") are required to access this information and can be obtained through the PACER Service Center at http://www.pacer.gov. Copies of the Schedules also may be examined between the hours of 9:00 a.m. and 4:30 p.m., Monday through Friday at the Office

of the Clerk of the Bankruptcy Court, located at One Bowling Green, Room 534, New York, New York 10004-1408. Copies of the Debtor's Schedules also may be obtained by request to counsel for the Debtor at the contact information below:

>Aaron Cahn
>Carter Ledyard & Milburn LLP
>2 Wall Street
>New York, New York 10005
>Email: cahn@clm.com

**A holder of a potential claim against the Debtor should consult an attorney regarding any matters not covered by this Notice, such as whether the holder should file a Proof of Claim.**


**Dated: _____, New York**

**_____, 2017**

                                                                    **BY ORDER OF THE COURT**

| |
|---|
| CARTER LEDYARD & MILBURN LLP |
| Aaron R. Cahn <br> Pamela A. Mann <br> 2 Wall Street <br> New York, New York 10005 <br> Telephone:   (212) 732-3200 <br> Email:        cahn@clm.com <br>                  mann@clm.com <br><br> *Attorneys to the Debtor* <br> *and Debtor in Possession* |