Benjamin Mintz
Vincent Sama
Catherine Schumacher
Peta Gordon
ARNOLD & PORTER KAYE SCHOLER LLP
250 West 55th Street
New York, New York 10019-9710
Telephone: (212) 836-8000
Fax: (212) 836-8689

*Counsel for Help Me See, Inc.*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| WONDERWORK, INC., | Case No. 16-13607 (MKV) |
| Debtor. | Hearing Date: September 19, 2017 at 11:00 a.m. |
| | Objection Deadline: September 12, 2017 |

**HELP ME SEE, INC.'S MOTION FOR RELIEF FROM AUTOMATIC STAY TO
CONFIRM FINAL ARBITRATION AWARD**

Help Me See, Inc. ("HelpMeSee"), creditor and party-in-interest in the above-captioned case, by and through its undersigned attorneys, move this court (the "Motion") for the entry of an order, substantially in the form attached hereto as Exhibit A (the "Proposed Order"), granting relief from the automatic stay to confirm the Final Arbitration Award (the "Final Fee Award").

In support hereof, HelpMeSee respectfully states as follows:

## JURISDICTION

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates for the relief requested herein are section 362 of title 11 of the United States Code, 11 U.S.C. § 101 et seq. (the "Bankruptcy Code"), Rule 4001 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 4001-1 of the Local Bankruptcy Rules for the Southern District of New York (the "Local Rules").

## BACKGROUND

3. On March 21, 2013, WonderWork, Inc. ("WonderWork" or "Debtor") commenced arbitration against HelpMeSee.

4. On October 13, 2016, following a three year arbitration process, the Arbitrator issued the Partial Final Arbitration Award (the "Partial Award") in which he found WonderWork to be in substantial breach of its agreement with HelpMeSee, (Partial Award ¶¶ 91-95) and in clear breach of its fiduciary duty to HelpMeSee (*Id.* at ¶¶ 96-100) and awarded HelpMeSee $8,342,314.68 in compensatory damages, plus simple annual interest from the date of March 21, 2013 forward. *Id.* at ¶ 124. The Arbitrator also awarded HelpMeSee reasonable costs and attorneys' fees incurred in connection with the arbitration from the time of the Demand for Arbitration (March 21, 2013) forward. *Id.* at ¶ 132.

5. To set the amount of costs and fees awarded, the Arbitrator directed HelpMeSee to submit an affidavit setting forth the reasonable costs and expenses it incurred and provided WonderWork with the right to submit an opposition to that affidavit. *Id.* at ¶ 133(C). Finally, the Arbitrator held that, except for the amounts of costs and fees to be determined and the

2

amounts to be paid in arbitrator fees and administrative fees, the Partial Award was "in full settlement of all claims and counterclaims submitted in this arbitration." *Id.* at ¶ 133(D).

6. On October 25, 2016, HelpMeSee petitioned the New York Supreme Court (Ostrager, J.) to confirm the Partial Award (the "Petition"). On November 11, 2016, WonderWork opposed the Petition and cross-moved to vacate. On November 29, 2016, Justice Ostrager confirmed the Partial Award and denied the motion to vacate (the "Order"). On December 2, 2016, the Supreme Court entered judgment (the "Judgment") in favor of HelpMeSee and against WonderWork in the amount of $8,342,314.68, plus interest of $2,781,076.30, together with costs and disbursements of $779.80, for a total of $11,124,170.78.

7. On November 3, 2016, HelpMeSee's counsel submitted an affirmation to the Arbitrator detailing the costs and attorneys' fees it incurred in connection with the arbitration pursuant to the Arbitrator's directive in the Partial Award. WonderWork objected to HelpMeSee's calculation on November 23, 2016.

8. On December 21, 2016, after considering HelpMeSee's submission and WonderWork' opposition, the Arbitrator issued the Final Arbitration Award (the "Final Fee Award") and directed WonderWork immediately to pay HelpMeSee attorneys' fees in the amount of $4,706,553.18, plus simple annual interest thereon from January 1, 2017 forward and costs. Final Fee Award, at ¶ 137(C). The Arbitrator also ordered WonderWork to pay $149,563.99 in costs. *Id*. at ¶ 137(D).

9. WonderWork filed for bankruptcy on December 29, 2016, thereby staying all proceedings.

10. On January 31, 2017, Debtor moved for relief from the automatic stay to prosecute its appeal of the Order. Dkt. No. 32. The Court granted Debtor's request by order dated February 17, 2017. Dkt. No. 48.

11. On July 20, 2017, HelpMeSee filed a proof of claim against WonderWork in the amount of $16,054,347.60, consisting of the following:

Judgment Amount (Damages and Interest)...............$11,124,170.78

Additional Accrued Interest............................................$74,059.65

Attorneys' Fees, as set forth in the Final Fee Award..$4,706,553.18

Costs, as set forth in the Final Fee Award .....................$149,563.99

Claim No. 17-1.

12. Debtor's appeal of the Order is now fully submitted and is awaiting decision by the Appellate Division. That appeal only addresses the Partial Award and $11,198,230.43 of HelpMeSee's proof of claim. However, due to the automatic stay, the remaining $4,856,117.17 of HelpMeSee's proof of claim attributable to the Final Fee Award has not yet been confirmed and remains disputed by Debtor.

## RELIEF REQUESTED

13. For the reasons set forth below, HelpMeSee respectfully requests that this Court enter an order modifying the automatic stay to permit HelpMeSee to move to confirm the Final Fee Award in New York Supreme Court Commercial Division. Such relief should also include any appeal that may be taken from such decision.

## BASIS FOR RELIEF

14. At the time that Debtor filed its bankruptcy petition, the New York Supreme Court (Ostrager, J.) had confirmed the Partial Award. WonderWork had filed its Notice of Appeal of the Order and Judgment. The Arbitrator had also issued the Final Fee Award, in which he set HelpMeSee's recovery for attorneys' fees and costs at $4,856,117.17. The Bankruptcy Code automatically stayed all actions and proceedings against Debtor and therefore, once WonderWork filed for bankruptcy relief, HelpMeSee was precluded HelpMeSee from confirming the Final Fee Award. 11 U.S.C. § 362.

15. Section 362, however, provides that a party can seek relief from the stay "for cause." *Id*. at § 362(d)(1). Although the Bankruptcy Code itself does not define cause, the Second Circuit in *Sonnax Indus. Inc. v. Tri Component Prods. Corp (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1285 (2d Cir. 1990), has delineated factors to consider to determine whether cause exists. The *Sonnax* factors include:

> (1) whether relief would result in a partial or complete resolution of the issues; (2) lack of any connection with or interference with the bankruptcy case; (3) whether the other proceeding involves the debtor as a fiduciary; (4) whether a specialized tribunal with the necessary expertise has been established to hear the cause of action; (5) whether the debtor's insurer has assumed full responsibility for defending it; (6) whether the action primarily involves third parties; (7) whether litigation in another forum would prejudice the interests of other creditors; (8) whether the judgment claim arising from the other action is subject to equitable subordination; (9) whether movant's success in the other proceeding would result in a judicial lien avoidable by the debtor; (10) the interests of judicial economy and the expeditious and economical resolution of litigation; (11) whether the parties are ready for trial in the other proceeding; and (12) impact of the stay on the parties and the balance of harms.

907 F.2d at 1286. A court need not employ all the *Sonnax* factors, but may instead apply only those that are appropriate. *See, e.g., Mazzeo v. Lenhart (In re Mazzeo)*, 167 F.3d 139, 143 (2d Cir. 1999).

16. In a situation analogous to the instant one, the Bankruptcy Court for the Eastern District of New York lifted the stay to permit the confirmation of an arbitration award via summary proceeding in New York State Court. *Montague Pipeline Tech. Corp. v. Grace/Lansing (In re Montague Pipeline Tech. Corp.),* 209 B.R. 295, 306–07 (Bankr. E.D.N.Y. 1997) (lifting automatic stay to permit confirmation of an arbitration award, including any appeals which may follow therefrom). That is the very same relief that HelpMeSee seeks in respect of the Final Fee Award by this Motion.

17. As in *Montague,* the *Sonnax* factors applicable to the instant action justify the relief requested here. The first relevant factor is whether the relief would result in a partial or complete resolution of the issues. *Sonnax*, 907 F.2d at 1286. Here, modification of the stay to permit HelpMeSee to confirm the Final Fee Award would allow for a complete resolution of the arbitration and permit HelpMeSee to fix the entirety of its claim against Debtor, which claim is currently disputed by Debtor.

18. As it stands, HelpMeSee's claim is bifurcated. The $11,198,230.43 in compensatory damages has been confirmed by the New York Supreme Court and WonderWork's appeal of that confirmation has been fully submitted to the Appellate Division and is awaiting decision. Conversely, the portion of the award setting forth the amount of fees and costs that HelpMeSee is entitled to recover remains unconfirmed and disputed by Debtor. However, "once the state court has fully decided the issue of the Debtor's liability, the bankruptcy court can rely on the state court's decision to aid in the determination of the allowability of [the creditor's] claim." *Montague*, 209 B.R. at 306. Consequently, granting relief from the stay to permit HelpMeSee to confirm the Final Fee Award "will result in

6

complete relief regarding the arbitration" between HelpMeSee and Debtor "because it will finalize the arbitration award and provide a fixed sum" for HelpMeSee's entire claim. *Id.*

19.    The second relevant factor is the lack of any connection with or interference with the bankruptcy case. *Sonnax*, 907 F.2d at 1286. Once again, this factor weighs in favor of relief. HelpMeSee's motion to confirm the Final Fee Award is not connected to and will not interfere with anything that is occurring in the bankruptcy court (including in no way interfering with or impacting the examiner's pending investigation). Rather, finalizing the arbitration will facilitate a resolution of the bankruptcy proceeding by determining and fixing the liability that Debtor owes to HelpMeSee, a critical step in Debtor's potential reorganization. *Montague*, 209 B.R. at 306 ("Although the magnitude of [a creditor's] claim appears to make it intimately connected to the Debtor's reorganization . . . [g]ranting relief from the stay to allow the confirmation action to continue will not interfere with the Debtor's bankruptcy case but will instead facilitate a speedy resolution of the issues.").

20.    The third relevant factor is whether a specialized tribunal with the necessary expertise has been established to hear the cause of action. *Sonnax*, 907 F.2d at 1286. Once again, this factor militates in HelpMeSee's favor. The New York Supreme Court is vested with jurisdiction to confirm arbitration awards, and New York law treats such matters as a summary proceeding. Justice Ostrager of the Supreme Court, who would be assigned to this matter as a related proceeding, is already intimately acquainted with the issues, record and documents pertinent to the Final Fee Award, having already confirmed the Partial Award. The Partial Award involves the same parties and issues as the Final Fee Award, including the Arbitrator's decision to grant HelpMeSee an award of costs and reasonable attorneys' fees, and is, for all intents and purposes, largely the same award. The only distinction is that the Final Fee Award

sets forth the computation of the amount of costs and attorneys' fees to be awarded; a question that is integrally related to the Partial Award and the Order confirming the Partial Award previously entered by Justice Ostrager.

21.  The fourth relevant factor is the interests of judicial economy and the expeditious and economical resolution of litigation. *Sonnax*, 907 F.2d at 1286. There is no question that judicial economy is best served by litigating this action via summary proceeding before the court and judge most familiar with these issues: Justice Ostrager, who already evaluated and confirmed the Partial Award, which included the award of costs and fees, but did not set the amount.

22.  Of critical significance, under the New York Civil Practice Law and Rules ("NY CPLR"), confirmation of arbitration awards are decided by summary proceeding and the grounds for vacatur are extremely limited. *Azrielant v. Azrielant*, 301 A.D.2d 269, 275 (1st Dep't 2002) (due to strong public policy in favor of arbitration, "[j]udicial authority to vacate an arbitration award is limited."). An arbitration award may be vacated pursuant to NY CPLR 7511(b)(1) on only three narrow grounds: "it violates a strong public policy, is irrational, or clearly exceeds a specifically enumerated limitation on the arbitrator's power." *United Fed'n of Teachers, Local 2, AFT, AFL-CIO v. Bd. of Educ. of City Sch. Dist. of City of N.Y.*, 1 N.Y.3d 72, 79 (N.Y. 2003) (internal quotation omitted). Accordingly, the confirmation of the Final Fee Award will not require an in-depth hearing, the presentation of witnesses, or a large expenditure of judicial resources. Thus, the matter can be resolved by the Supreme Court extremely promptly and permitting the Supreme Court to decide the confirmation of the Final Fee Award will not delay any proceedings in this Court. Indeed, the Supreme Court confirmed the Partial Award within 35 days of the filing of HelpMeSee's petition to confirm. HelpMeSee anticipates that the

timeframe for the Supreme Court to decide whether to confirm the Final Fee Award would be just as quick in view of Justice Ostrager's familiarity with the matter and issues. *See Montague*, 209 B.R. at 306 ("An expeditious summary proceeding to confirm the arbitration award is available in the state court, thus resolution of the arbitration in the state court is the most rapid and economical means of resolving these issues.").

23. In contrast, adjudication in the Bankruptcy Court through a claims objection procedure is not a summary proceeding, could involve discovery and an evidentiary hearing, and is fairly likely to take longer than the state court summary proceeding process, further delaying the reorganization proceedings. Further, given the clear interrelation between the Final Fee Award and the Partial Award, it would be improper for the Bankruptcy Court to address issues relating to the Final Fee Award as it could effectively transform this Court into an appellate court that is reviewing and potentially undermining issues determined by the state court.[1] Moreover, the standard applied by the Bankruptcy Court under the Federal Arbitration Act in reviewing an arbitration award is not the same standard applied by the New York courts. This means that the parties will be required to brief a different legal standard and may also result in inconsistent rulings and competing appeals.

24. The final relevant factor is the impact of the stay and the balance of harms. *Sonnax*, 907 F.2d at 1286. This factor too favors lifting the stay. Debtor disputes HelpMeSee's claim, the largest claim in Debtor's bankruptcy case. As Debtor effectively acknowledged by moving to lift the stay to prosecute the appeal in respect of confirmation of the Partial Award, final liquidation and fixing of HelpMeSee's claim is a critical step in Debtor's potential ability to confirm a plan of reorganization. By this Motion, HelpMeSee seeks similar relief in respect of

---

[1] Judge Bernstein previously rejected Debtor's suggestion that the Bankruptcy Court sit as an appellate court in respect of the State Court's Order confirming the Partial Award. Jan. 5, 2017 Hr'g Tr. 10:19-20 ("THE COURT: What would that do? I'm not going to sit as an appellate court over the Supreme Court.").

the Final Fee Award so that its entire claim can be fully liquidated and fixed in a timely manner. Postponing final adjudication of HelpMeSee's claim would unnecessarily delay Debtor's restructuring proceeding to the detriment of all parties involved.

25.     Accordingly, granting relief from the stay to permit HelpMeSee to seek to confirm the Final Fee Award before the court that previously decided confirmation of the Partial Award is the most "efficient, expeditious, and least prejudicial means" of resolving HelpMeSee's claim and will facilitate efforts to reorganize Debtor.  *See Montague*, 209 B.R. at 307.

## WAIVER OF RULE 4001(a)(3)

26.     HelpMeSee respectfully requests that the Court waive the 14-day stay requirement in Bankruptcy Rule 4001(a)(3) because there is no need for a 14-day stay given the nature of the relief requested.  Rather, any order lifting the stay in connection with this Motion should be effective immediately upon entry.

## NO PREVIOUS REQUEST

27.     No previous motion or application for the relief sought herein has been made to this or any other court.

## NOTICE

28.     HelpMeSee has provided notice of this motion to: (a) Debtor's counsel; (b) the Office of the United States Trustee for the Southern District of New York; (c) all persons and entities that have formally requested notice by filing a written request for notice, pursuant to Bankruptcy Rule 2002 and the Local Bankruptcy Rules; and (d) the twenty largest creditors identified in the Debtor's chapter 11 petition.  In light of the nature of the relief requested, HelpMeSee submits that no further notice is necessary.

**CONCLUSION**

WHEREFORE, HelpMeSee respectfully requests that this Court (i) enter an order, substantially in the form attached as **Exhibit A** hereto, granting relief from the automatic stay to allow HelpMeSee to move to confirm the Final Fee Award, and (ii) grant such other relief as is just and proper.

Dated: August 25, 2017
      New York, New York

                                  Respectfully submitted,

                                  /s/ Benjamin Mintz
                                  Benjamin Mintz

                                  ARNOLD & PORTER KAYE SCHOLER LLP
                                  250 West 55th Street
                                  New York, New York 10019-9710
                                  Telephone: (212) 836-8000
                                  Fax: (212) 836-8689
                                  benjamin.mintz@apks.com

                                  *Counsel for Help Me See, Inc.*