Walter H. Curchack, Esq.
Bethany D. Simmons, Esq.
**Loeb & Loeb LLP**
345 Park Avenue
New York, NY 10154
Tel: (212) 407-4000
Fax: (212) 407-4990

*Counsel to Jason R. Lilien, Examiner*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **In re** | Chapter 11 |
| **WONDERWORK, INC.,** | Case No. 16-13607 (MKV) |
| Debtor. | |

**EXAMINER'S *EX PARTE* MOTION FOR ENTRY OF AN ORDER AUTHORIZING THE FILING OF EXAMINER'S REPORT UNDER SEAL**

Jason R. Lilien, the court-appointed examiner (the "**Examiner**") of the above-captioned debtor (the "**Debtor**"), by and through his undersigned counsel, hereby submits this *Ex Parte Motion for Entry of an Order Authorizing the Filing of Examiner's Report Under Seal* (the "**Motion**") authorizing the Examiner to temporarily file under seal the final report of his investigation (the "**Report**") and all appendices thereto (the "**Exhibits**") pending resolution of negotiations with the Debtor regarding the nature and extent of appropriate redactions. In support of this Motion, the Examiner respectfully states as follows:

**JURISDICTION, VENUE AND STATUTORY PREDICATES**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b).

1

2. Venue of this case and this Motion in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are sections 105(a) and 107(b) and (c) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Rule 9077-1(b) of the Local Rules for the United States Bankruptcy Court for the Southern District of New York ("**Local Rules**").

## BACKGROUND

4. On December 29, 2016 (the "**Petition Date**"), the Debtor filed a petition for relief under chapter 11 of the Bankruptcy Code.

5. On January 18, 2017, HelpMeSee, Inc. ("**HMS**") filed the *Motion for the Entry of an Order Directing the Appointment of a Chapter 11 Trustee* (the "**Trustee Motion**") [Docket No. 16]. The court heard arguments on the Trustee Motion at the hearing on March 10, 2017.

6. On March 13, 2017, in response to concerns raised at the hearing on the Trustee Motion, the Court entered an order [Docket No. 80] directing the parties to (i) state whether they supported or opposed the appointment of an examiner, and (ii) propose the scope of any investigation to be undertaken by an examiner. HMS filed a response indicating its support of the appointment of an examiner [Docket No. 92], and the Debtor filed a response stating that it did not oppose the appointment of an examiner [Docket No. 93].

7. Therefore, on April 21, 2017, the Court issued an *Order Directing the Appointment of an Examiner and Establishing Temporary Budget Controls* (the "**Original Examiner Order**") [Docket No. 110].

15324807.1
228676-10002

8. On May 10, 2017, the court, having considered the *Application for Appointment of a Chapter 11 Examiner* [Docket No. 130], issued the *Order Approving the Appointment of Chapter 11 Examiner* [Docket No. 136], pursuant to which Jason R. Lilien, Esq. was appointed as Examiner in this case.

9. On June 20, 2017, the court, having considered the *Motion of the Debtor for Consideration and Clarification of Order Directing the Appointment of an Examiner and Establishing Temporary Budgetary Controls* [Docket No. 126] and arguments made at the hearing on June 1, 2017, issued the Examiner Order [Docket No. 185], which made certain revisions to the Original Examiner Order.

10. The Examiner Order directed the Examiner to investigate: (a) the Debtor's collection, use, allocation and transfers of restricted and unrestricted funds; (b) whether grants made by the Debtor were to organizations that provide services that are consistent with the restricted purpose of the funds used to make such grants, and the method by which the Debtor monitors use of the grants; (c) any potential claims and causes of action of the Debtor, including without limitation preferential and fraudulent transfers, including to insiders, claims for breach of fiduciary duty and corporate waste, other claims against insiders and claims relating to expense reimbursement; (d) all payments made to Brian Mullaney ("**Mr. Mullaney**") including expense reimbursements from the Debtor to Mr. Mullaney; and (e) the Debtor's corporate governance structures and practices, including oversight of Mr. Mullaney by the Debtor's board of directors (collectively, the "**Investigation**"). *See* Examiner Order at 2-3.

11. The Examiner Order also directed the Debtor and HMS to cooperate fully with the Examiner and to furnish any information required or requested for the Investigation,

15324807.1
228676-10002

including "turn[ing] over, and otherwise mak[ing] available to, the Examiner all documents or employees the Examiner requests." *Id.* at 4-5.

12. As contemplated by the Examiner Order, the Report contains confidential and otherwise privileged information, which was furnished to the Examiner by the Debtor during the course of the Investigation. The Examiner Order provides that "to the extent that the Report contains the identities of any of the Debtor's donors or grantees or the identities of any patients of any of the Debtor's grantees such information shall be redacted prior to filing and an unredacted courtesy copy of the Report shall be delivered to the Court . . ." *Id.* at 4. The Examiner Order further provides that "all privileges, protections, confidentiality, and immunities shall remain in full force and effect as to any information provided to the Examiner. . ." *Id.* at 5.

## RELIEF REQUESTED

13. By this Motion, the Examiner seeks entry of an order, substantially in the form of the Proposed Order attached hereto as **Exhibit A**, authorizing the Examiner to temporarily file the Report and the Exhibits thereto under seal because these documents contain confidential and privileged information provided to the Examiner in connection with the Investigation. The Examiner expects to negotiate with counsel to the Debtor in an attempt to agree on redactions of allegedly privileged and confidential information so that the balance of the Report may be unsealed. Absent agreement, the Examiner will submit any disputes to the Bankruptcy Court for resolution by November 3, 2017. This relief is consistent with (1) sections 105(a) and 107(b) and (c) of the Bankruptcy Code, (2) Rule 9018 of the Bankruptcy Rules, (3) Rule 9077-1(b) of the Local Rules, and (4) the direction provided by the Examiner Order.

15324807.1
228676-10002

**BASIS FOR RELIEF REQUESTED**

14.     Section 107(b) of the Bankruptcy Code provides that upon "request of a party in interest," the "bankruptcy court shall . . . (1) protect an entity with respect to a trade secret or confidential research, development, or commercial information . . ." *Id.*  Furthermore, section 107(c) provides that a bankruptcy court is authorized to protect individuals against potential harm that may result from the disclosure of certain information. Specifically, a bankruptcy court may choose not to publically disclose, but to instead file under seal, certain personal information to the extent the court finds that disclosure of such information "would create an undue risk of identity theft or other unlawful injury." 11 U.S.C. § 107(c).   Bankruptcy Rule 9018 identifies the procedure by which a party may move for relief under section 107.  The motion may be made "with or without notice."  Fed. R. Bank. P. 9018.

15.     The Examiner submits that significant amounts of information provided to the Examiner during the Investigation and contained in the Report and Exhibits falls within the scope of commercial information that may be protected pursuant to section 107(b)(1), as well as personally identifying information that should be protected pursuant to section 107(c). The Report and Exhibits also contain the type of information that the Examiner Order contemplated should remain confidential or that is otherwise protected privileged information.

16.     The Examiner believes that providing initial copies of the Report to the Debtor, the Court, and the Office of the U.S. Trustee will allow the Examiner to provide the appropriate level of information to key parties in interest while still maintaining the necessary degree of confidentiality required by the Examiner Order.  The Examiner will work with the Debtor to propose an appropriately redacted version of the Report and the Exhibits thereto by November

5
15324807.1
228676-10002

3, 2017. Absent agreement with the Debtor, the Examiner will immediately submit any disputes to the Bankruptcy Court for resolution.

## NOTICE AND NO PRIOR REQUEST

17. Notice of this Motion has been provided to: (i) the Office of the U.S. Trustee, (ii) counsel to the Debtor, (iii) counsel to Help Me See, Inc., and (iv) the Office of the New York State Attorney General.

18. In light of the nature of the relief requested herein, the Examiner submits that no other or further notice is required.

19. No prior motion for the relief sought herein has been made to this or to any other court.

WHEREFORE, the Examiner respectfully requests that the Court: (i) grant this Motion; (ii) enter the proposed Order attached hereto as **Exhibit A**; and (iii) grant the Examiner such other and further relief as this Court deems just and appropriate.

Dated: October 25, 2017
      New York, New York

                                        Respectfully submitted,

                                        **LOEB & LOEB LLP**

                                        By: */s/* Walter H. Curchack
                                            Walter H. Curchack
                                            Bethany D. Simmons
                                            345 Park Avenue
                                            New York, New York 10154
                                            (212) 407-4000

15324807.1
228676-10002