Bijan Amini
Jeffrey Chubak
STORCH AMINI PC
140 East 45th Street, 25th Floor
New York, New York 10017
(212) 490-4100
bamini@storchamini.com
jchubak@storchamini.com

*Attorneys for Brian Mullaney*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| In re: | Chapter 11 |
|---|---|
| WONDERWORK, INC., | Case No. 16-13607-smb |
| Debtor. | Re: ECF No. 480 |

**OBJECTION OF BRIAN MULLANEY TO HELP ME
SEE'S MOTION TO ESTIMATE HIS CLAIM AT ZERO
DOLLARS FOR DISPUTED CLAIMS RESERVE PURPOSES**

Brian Mullaney objects to the motion ("Motion") of Help Me See, Inc. ("HelpMeSee") to estimate, at $0, the amount required to be set aside in the disputed claims reserve established by the confirmed chapter 11 plan [ECF No. 435] ("Plan"), to reserve for allowance of his $641,320, scheduled claim ("Claim"), and states:

**BACKGROUND**

1. HelpMeSee committed to fund the disputed claims reserve. (Motion ¶10.) By the Motion, it now seeks to terminate its commitment to reserve approximately $400,000 for the Claim's allowance. (*Id*. ¶¶12, 16.) The stated basis for said relief is that Section 8.1(c) of the Plan permits estimation of claims for disputed claims reserve purposes, and Mr. Mullaney's Claim will, according to HelpMeSee, likely be more than offset by claims the estate has against him, as identified in the examiner's report [ECF No. 303]. (Motion ¶11, 14-15.)[1]

---

[1] The Motion actually identifies Bankruptcy Code section 105(a) as the sole statutory predicate for relief (Motion ¶1) and does not mention Bankruptcy Code section 502(c), even though Section 8.1(c) incorporates section 502(c) (discussed below); however, relief cannot be granted under section 105(a) that contravenes the terms of a confirmed plan or other Bankruptcy Code provisions.

2. Potential claims identified in the Motion are ones to: (a) avoid and recover a $475,00 prepetition transfer, under section 547(b), and postpetition transfers totaling $395,833, under section 549 (*id.* ¶¶3, 8, 11, 15); (b) recover "any compensation Mullaney received 'in excess of the 'reasonable' compensation for services rendered' [under] a theory of unjust enrichment, under section 548 of the Bankruptcy Code, or as an excess benefit transaction" (*id.* ¶7); and (c) recover "millions of dollars [on account] of claims by the Debtor against Mullaney," under theories of "breaches of duty, fraud, wrongdoing, and other malfeasance by Mullaney against the Debtor" (*id.* ¶11).

3. To date, none of these (or any other) claims have been brought by the Plan Administrator or Litigation Trustee against Mr. Mullaney. Indeed, the Plan has not even gone effective.[2]

## ARGUMENT

### I. THE MOTION IS A DISGUISED CLAIM OBJECTION THAT HELP ME SEE IS PROHIBITED FROM PROSECUTING

4. As noted above, the stated basis for the relief sought by HelpMeSee is Section 8.1(c) of the Plan. (Motion ¶14.) Section 8.1 is entitled "Funding of the Disputed Claims Reserve." Subsection (c) provides:

> [T]he Bankruptcy Court may estimate the amount of Disputed Claims pursuant to section 502(c) of the Bankruptcy Code, in which event the amounts so estimated shall be the amounts of the Disputed Claims for purposes of Distribution under the Plan. In lieu of estimating the amount of any Disputed Claim for purposes of allowance and Distribution, the Bankruptcy Court may also estimate the amount to be reserved in the Disputed Claim Reserve for such Disputed Claim … <u>The amount as determined by the Court … to be reserved in the Disputed Claim Reserve in respect of any Disputed</u>

---

[2] The Trustee filed notice of entry of the confirmation order on September 21, 2018 [ECF No. 477], which provides "The Trustee shall provide notice of the Effective Date promptly upon its occurrence." No such further notice has been given. The Motion is premature for this reason alone.

<blockquote><u>Claim shall constitute a maximum limitation on such Claim under the Plan</u>.</blockquote>

(Emphasis added.)

5. The underlined language describes what the consequences of the relief sought by HelpMeSee are: the allowed amount of the Claim gets capped at the amount actually reserved for it. In other words, the relief sought by HelpMeSee, if granted, would result in the effective disallowance of the Claim, by operation of Section 8.1(c).

6. Presumably, HelpMeSee seeks to disallow the Claim in this manner, because Section 8.2 of the Plan provides that "the Litigation Trust shall have the <u>exclusive</u> right to object to and resolve the Mullaney Claim." In addition, by structuring the objection in this manner HelpMeSee avoids having to provide any of the protections afforded to creditors under Rule 3007 (30 days' prior notice, discovery, etc.)

7. This end run should not be countenanced, and the Motion should accordingly be denied.

## II. THE CLAIM IS NOT SUBJECT TO ESTIMATION

8. Section 8.1(c) provides that any estimation by the Bankruptcy Court shall be pursuant to section 502(c), which in turn permits estimation of a claim "if it is contingent or unliquidated, and cannot be fixed and liquidated without unduly delaying administration of the case." *In re Keene Corp.*, 171 B.R. 180, 185 n.3 (Bankr. S.D.N.Y. 1994) (paraphrasing the statute).

9. HelpMeSee has not even attempted to satisfy its burden as to either requirement. Nor could it. Amended Schedule E/F, filed March 10, 2017 [ECF No. 76], states that the Claim is for "2016 Salary/2016 Bonus/Unreimbursed Expenses." None of those categories could qualify as contingent or unliquidated. If any portion of the Claim somehow qualified as such, the Motion would be completely unnecessary, as the Plan's definition of "Disputed Claims Reserve" already provides "the Trustee shall not be required to retain any amount on account of contingent or

unliquidated Claims." In addition, extra time is not needed to fix or liquidate the Claim, nor would denial of the relief HelpMeSee seeks delay case administration.

10. The Claim is therefore not subject to estimation, for disputed claims reserve purposes or otherwise. *Keene Corp.*, 171 B.R. at 185 n.3 (denying motion to estimate where the claim "is neither contingent nor unliquidated"); *see also In re Continental Airlines*, 981 F.2d 1450, 1461 (5th Cir. 1993) ("in cases where a claim is neither contingent nor unliquidated estimation is 'simply inappropriate'").

**III. THE EXISTENCE OF POTENTIAL CAUSES OF ACTION IS NOT A VALID BASIS FOR THE REQUESTED RELIEF**

11. HelpMeSee's principal argument is that it should not have to reserve for Claim allowance, as it agreed to under the Plan, given that Mr. Mullaney's exposure under recovery theories identified in the examiner's report exceed the amount of his Claim. (Motion ¶¶11, 15, noting potential exposure under sections 547(b) and 549 exceeds the amount of his Claim by $229,513.)

12. That argument fails. That the Plan Administrator could potentially offset amounts payable to Mr. Mullaney on account of his Claim against amounts payable by Mr. Mullaney to the estate, under Bankruptcy Code section 558, in the event judgment is entered in favor of the estate and against Mr. Mullaney in an amount that exceeds that of the Claim, presumably after accounting for allowance of any section 502(h) claim, is not a recognized basis for disallowance of the Claim under section 502(a)-(b). Nor is it grounds for estimation, as discussed above.

13. HelpMeSee also argues that the relief it seeks is permitted by section 502(d) (although it does not identify section 502(d) as a statutory basis for relief, *see* Footnote 1, *supra*), and that it would be unfair to require that it fund the portion of the disputed claims reserve allocable to the Claim, because it is "the primary victim of Mullaney's fraud." (Motion ¶¶15-16.)

14. Both arguments should be rejected. Invocation of section 502(d) is premature absent a judicial determination that Mr. Mullaney received an avoidable transfer. *In re Atlantic Computer Sys.*, 173 B.R. 858, 862 (S.D.N.Y. 1994) (section 502(d) "envisions some sort of determination of the claimant's liability before its claims are disallowed, and in the event of an adverse determination, the provision of some opportunity to turn over the property") (citing *In re Davis*, 889 F.2d 658 (5th Cir. 1989) and 3 Collier on Bankruptcy ¶502.04 (15th ed.)); *In re Vivaro Corp.*, 541 B.R. 144, 154 (Bankr. S.D.N.Y. 2015) ("As touched upon in the policy discussion in *In re Davis*, a claim should not be disallowed pursuant to section 502(d) without first determining whether the claimant is liable to the estate").[3]

15. HelpMeSee's argument that requiring it to reserve for allowance of the Claim would be unfair likewise fails. HelpMeSee's fraud allegation is devoid of support. Where requests for relief are based on fraud, the alleged fraud needs to be pled with specificity, under Rule 9(b), made applicable by Rules 9014(c) and 7009, and supported by admissible evidence. The Motion offers no support for HelpMeSee's fraud allegation, nor does the examiner's report which is inadmissible hearsay in any event. *E.g.*, *In re Refco Inc. Secs. Litig.*, No. 07-1902, 2013 WL 1291891, at *11 (S.D.N.Y. Mar. 11, 2013) ("A Bankruptcy Examiner's report is hearsay when offered, as here, to prove the truth of the facts and conclusions propounded in it. And courts routinely find that there is no hearsay exception that would permit a Bankruptcy Examiner's report to be admitted into evidence"); *In re Rickel & Assocs., Inc.*, 272 B.R. 74, 87-88 (Bankr. S.D.N.Y. 2002) ("The Examiner conducted an investigation, but he was not charged—nor could he be— with the duty to 'hear and determine' any claims in this case"); *In re Fibermark, Inc.*, 339 B.R.

---

[3] Section 502(d) by its terms does not apply to alleged claims to recover compensation paid under an unjust enrichment theory or as an excess benefit transaction, or for "breaches of duty, fraud, wrongdoing, and other malfeasance." Rather, the statute only provides for disallowance of claims held by a person from which property is recoverable under the Bankruptcy Code's avoidance provisions.

5

321, 325 (Bankr. D. Vt. 2006) ("The [examiner's] report puts the story on paper and provides context for debate. It is the duty of the parties to formulate a fuller version of the debate using the rules of evidence").

16. What would be unfair would be disallowing the Claim, or estimating it at $0 for disputed claims reserve purposes (same practical effect, as noted above), (a) on the theory that Mr. Mullaney's recovery on the Claim will be more than offset by judgments against him, before any action against him has even been commenced and before he has been given the opportunity to defend the same, and (b) where HelpMeSee has not so much as alleged, let alone offered evidence, that Mr. Mullaney is not owed the scheduled amount of his Claim for 2016 compensation and expenses.

WHEREFORE, the Motion should be denied, and Mr. Mullaney should be granted such other and further relief as the Court deems appropriate.

Dated: October 4, 2018  
      New York, New York

Respectfully submitted,

/s/ Jeffrey Chubak  
Bijan Amini  
Jeffrey Chubak  
STORCH AMINI PC  
140 East 45th Street, 25th Floor  
New York, New York 10017  
(212) 490-4100  
bamini@storchamini.com  
jchubak@storchamini.com  

*Attorneys for Brian Mullaney*

# CERTIFICATE OF SERVICE

      Jeffrey Chubak hereby certifies that on October 4, 2018, he caused a copy of the foregoing **Objection of Brian Mullaney to Help Me See's Motion to Estimate his Claim at Zero Dollars for Disputed Claims Reserve Purposes** to be served on movant's counsel of record by e-mail at the following addresses: benjamin.mintz@arnoldporter.com; vincent.sama@arnoldporter.com; catherine.schumacher@arnoldporter.com; peta.gordon@arnoldporter.com.

                                                              /s/ Jeffrey Chubak