**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>WONDERWORK, INC.,<br><br>Debtor. | Chapter 11<br><br>Case No. 16-13607 (SMB) |

**ORDER GRANTING THE APPLICATION OF HELP ME SEE, INC.
PURSUANT TO SECTIONS 503(b)(3)(D) AND 503(b)(4) OF THE BANKRUPTCY CODE
FOR ALLOWANCE AND REIMBURSEMENT OF REASONABLE PROFESSIONAL
FEES IN MAKING A SUBSTANTIAL CONTRIBUTION IN THIS CHAPTER 11 CASE**

Upon consideration of the Application dated December 7, 2018 of Help Me See, Inc. ("HelpMeSee") Pursuant to Sections 503(b)(3)(D) and 503(b)(4) of the Bankruptcy Code for Allowance and Reimbursement of Reasonable Professional Fees in Making a Substantial Contribution in this Chapter 11 Case (the "Application"); and the Court having considered the arguments made at the hearing on January 10, 2019 on the Application; and this Court having confirmed the Amended Chapter 11 Plan of Liquidation for the Bankruptcy Estate of WonderWork, Inc. as Proposed by the Chapter 11 Trustee, [ECF No. 475] (the "Confirmed Amended Plan"); and this Court having jurisdiction to consider the Application pursuant to 28 U.S.C. § 1334(b); and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and adequate notice of the Application and opportunity to be heard having been given pursuant to Federal Rules of Bankruptcy Procedure 2002(a)(6) and (c)(2); and there being no responses hereto; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is hereby:

**ORDERED** that the Application is approved on a final basis in the amount set forth in the Application and the attached Schedules A & B; and it is further

**ORDERED** that HelpMeSee is granted allowance of compensation and reimbursement of reasonable fees in the amount of $2,750,000 to be paid consistent with the terms of the Confirmed Amended Plan; and it is further

**ORDERED** that this Court shall retain jurisdiction to hear and determine all matters arising from or relating to this Order and its implementation.

Dated: New York, New York
       January **10th**, 2019

                                **/s/ STUART M. BERNSTEIN**
                                Honorable Stuart M. Bernstein
                                United States Bankruptcy Judge

Case No.: 16-13607 (SMB)  **CURRENT INTERIM FEE PERIOD**[1]  Schedule A
Case Name: In re WonderWork, Inc.  January 4, 2017 - September 28, 2018

| (1) Applicant | (2) Date/Document Number of Application | (3) Interim Fees Requested on Application | (4) Fees Allowed | (5) Fees to be Paid for Current Fee Period | (6) Fees to be Paid for Prior Fee Period(s) (if any) (i.e., Holdback Release) | (7) Total Fees to be Paid | (8) Interim Expenses Requested | (9) Expenses to be Paid for Current Fee Period |
|---|---|---|---|---|---|---|---|---|
| Help Me See, Inc. | Final Application, December 7, 2018 [ECF No. 502] | N/A | $2,750,000.00 | $2,750,000.00 | N/A | $2,750,000.00 | N/A | $0 |

Revised September 2011      DATE ON WHICH ORDER WAS SIGNED: **January 10, 2019**      INITIALS: **SMB** USBJ

---

[1] HelpMeSee filed its final and only application pursuant to Sections 503(b)(3)(D) and 503(b)(4) of the Bankruptcy Code for allowance and reimbursement of reasonable professional fees in making a substantial contribution in this chapter 11 case, on December 7, 2018 [ECF No. 502].

Case No.: 16-13607 (SMB)        **FINAL FEE APPLICATION TOTAL**        Schedule B
Case Name: In re WonderWork, Inc.        January 4, 2017 - September 28, 2018

| (1) Applicant | (2) Total Fees Requested | (3) Total Fees Paid[1] | (4) Total Expenses Requested | (5) Total Expenses Paid |
|---|---|---|---|---|
| Help Me See, Inc.<br><br>December 7, 2018<br>[ECF No. 502] | $2,750,000.00 | $2,750,000.00 | $0 | $0 |

Revised September 2011      DATE ON WHICH ORDER WAS SIGNED: **January 10th, 2019**      INITIALS: **SMB**__USBJ

---

[1] As set forth in the Confirmed Amended Plan, this Application is not an administrative expense claim, but is a subordinated claim, which is only eligible to receive payment if the Litigation Trust obtains net recoveries in excess of the net claims held by participating creditors in the Litigation Trust.

4